67 So.2d 26

### STATE ex rel. BRITTON et al. v. HARRIS et al.

#### 4 Div. 707.

Supreme Court of Alabama.

Aug. 6, 1953.

Brown & McMillan, Roberts H. Brown, Opelika, and Knox M. McMillan, Auburn, for appellants.

Smith & Smith and Roy L. Smith, all of Phenix City, for appellees.

370

PER CURIAM.

This is an action in the nature of a quo warranto filed by the State on the relation of Hugh Britton, who joins as plaintiff under the provisions of section 1136, Title 7, Code of 1940, against J. D. Harris, Otis Taff and Roy Greene, to oust said defendants from the office of city commissioners of Phenix City, Alabama, for that they are usurping, intruding into and without authority of law are exercising or claiming to exercise the "pretended offices" of city commissioners of said city.

The complaint is grounded on the averments made therein that the local act creating a five member commission for said city approved July 29, 1947, is unconstitutional and void. Local Acts of Alabama, 1947, page 137 et seq. The alleged grounds of unconstitutionality, in the order stated, are: That the act violates subsections 5, 6, 18 and 29 of section 104 of the Constitution of 1901. That it is void for uncertainty in that sections 3 through 7 of the act provide for the appointment or election of five city commissioners, fixing their terms of office, and section 10 provides that the city commission created by this act shall have, possess and exercise the municipal powers, legislative, executive and judicial, now or hereafter conferred on municipal governmental bodies. That all laws governing the city of Phenix City not inconsistent with the provisions of this act shall apply to and govern said city after it shall become organized under the commission form of government provided by the act. That the act violates section 45 of the Constitution, which provides that each law shall contain but one subject, which shall be clearly expressed in its title. That said act is void because it is in violation of that part of section 45 of the Constitution which provides that "no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length." That said act was passed in violation of that part of section 105 of the Constitution of Alabama which provides that, "No special, private, or local law, except a law fixing the time of holding court, shall be enacted in any case which is provided for by a general law".

The defendants separately demurred to the complaint on numerous grounds, all in substance stating that it affirmatively appears from said complaint that each of the defendants are holding a public office validly created under the laws of the State of Alabama. The circuit court overruled the defendants' separate demurrers. The effect of this ruling was to uphold the plaintiffs' attack on the local act.

The defendants Harris and Taff filed a joint answer pleading the validity of the act, admitting they were members of the city commission created by the said act and with the other commissioners were exercising the powers conferred by said act on the commission of Phenix City, Alabama. The defendant Greene filed a special plea, alleging that he is no longer a member of the city commission of the city of Phenix City as created by said act of the legislature and is not now exercising any of the functions of being a member of the city commission or governing body of said city.

The plaintiffs demurred to the answer filed by Harris and Taff on the grounds, among others, that it affirmatively appears on the face of the answer that the respondents Harris and Taff have usurped, intruded into and without authority of law are

exercising and claiming to exercise the pretended offices of city commissioners of the city of Phenix City, Alabama. The court overruled the plaintiffs' demurrer, in consequence of which the plaintiffs suffered a voluntary non-suit and appealed. The judgment of non-suit is a final judgment, allowing the defendants to go hence and taxing the plaintiffs with the costs of the proceeding.

The plaintiffs also demurred to the plea filed by Greene on the ground that it affirmatively appeared "on the face of said answer of the respondent Greene that said answer is in effect a plea of *puis darrein continuance* and is not verified as required by law." The court overruled the demurrer to Greene's said answer. The plaintiffs (appellants here) assign the ruling and judgment of the circuit court on the plaintiffs' demurrer to the answers of all three defendants as error and also assign the ruling on the demurrer as to each of said defendants as error, the last named assignment operating as a severance in the assignments of error.

■ It is well settled that the legislature is supreme, except as restricted by the Constitution; that municipal corporations are mere instrumentalities of the State for the more convenient administration of local government and that their powers are such as the legislature may confer, which may be enlarged or withdrawn at the pleasure of the legislature in the exercise of its powers to make laws. State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373. In the case cited this Court dealt with two acts of the legislature passed and approved on the same date. The first act designated No. 130 rearranged the boundary lines of the city of Phenix City, Alabama, so as to include within the corporate limits of said municipality the territory included within the town of Girard, Alabama, and other territory. Said act was passed as a local act with notice and proof of publication. Local Acts 1923, page 52. The other act designated No. 131 was passed as a general act without notice and proof of publication. Its title was "To provide the form of the government * * * to provide for the appointment of officers and to fix their terms of office." General Acts 1923, page 99.

The Court in the case above cited sustained act No. 130 against the attack that it was not constitutionally enacted and held act No. 131, passed as a general law without notice and publication as required by section 106 of the Constitution of 1901, to be void. In a subsequent proceeding taken under the provisions of Code of 1923, section 2336 as amended by the act of 1927, page 465, an act of the official board adopting the commission form of government was upheld in the case of State ex rel. Smith v. Gullatt, 218 Ala. 371, 118 So. 746.

■ It is familiar law that courts take judicial notice of the existence and charter powers of municipal corporations conferred on such corporations by the legislative department of the State. That such corporations are endowed with corporate entity apart from the official board and other officers authorized to function for such corporation and must sue and be sued in their corporate name. Smoot v. Mayor, etc., of Wetumpka, 24 Ala. 112; Case v. Mayor of Mobile, 30 Ala. 538; McCarver v. Herzberg, 120 Ala. 523, 25 So. 3; Arndt v. City of Cullman, 132 Ala. 540, 31 So. 478; Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874; 4 Mayfield's Digest, page 264, sections 21–27.

The city of Phenix City was originally called the Town of Browneville. The Town of Brownville in Lee County was incorporated and chartered by that name by an act of the general assembly of Alabama, approved February 23, 1883. Acts of Alabama 1882–83, page 574. Subsequent to that time the general assembly by act approved February 19, 1889, changed the name of Town of Browneville in Lee County to Phenix City, Alabama. Laws of Alabama 1888–89, page 458. Since that time Phenix City has continued to function as a municipal corporation. By act No. 130 approved August 9, 1923, the city limits of Phenix City were altered and rearranged so as to include the territory occupied by the municipal corporation of Girard and other territory. Local Acts 1923, page 52; State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373. There has

been a change in the boundary line between Lee and Russell Counties so that Phenix City, as enlarged by act No. 130, supra, is now wholly in Russell County. See, Local Acts, Extra Session, 1932, page 16.

The act under attack in this case is entitled: "An Act To establish a City Commission for the City of Phenix City, Alabama, to provide for the appointment and election of the President and Mayor and members thereof and to prescribe and fix their duties; powers and responsibility and to fix their compensation; to provide for a Clerk of said Commission, fix his duty and compensation; to provide for the election or appointment of a City Attorney and a City Treasurer and to provide for their duties and compensation; to authorize the employment of a City Manager by said Commission and to provide for the officers and employees of said City and repeal all laws in conflict with the provisions of this Act." Local Acts of Alabama 1947, pages 137–138. The act is original in form and substance and not amendatory. The general effect of said act is to establish a city commission of five members for Phenix City and to provide for their selection and subsequently the election from designated areas provided for in said act and to fix their compensation. The act further provides for other officers and employees of said city to function under its corporate entity and authorizes the employment of a city manager, repealing all laws in conflict with the act.

■ We are dealing with a local act relating to the form of government of the municipality of Phenix City. Its effect is to make changes in the commission form of government under which it was then operating. That clearly does not incorporate the city, prohibited by section 104(5) of the Constitution, but comes nearer to granting a new charter to it, prohibited by section 104(6) of the Constitution. It does not designate voting places, nor change the boundaries of wards, precincts or districts or otherwise violate section 104(29) of the Constitution. But whether it violates section 104(18) of the Constitution requires careful consideration in respect to its prohibition of amending the charter of a municipal corporation by a special or local law. The city was, before this enactment, under a commission form of government whose validity had been upheld. State ex rel. Smith v. Gullatt, 218 Ala. 371, 118 So. 746. Said form of government came into being and the city had its powers from Title 37, sections 35 to 88, inclusive, Code.

Under section 41 of Title 37, Code, three commissioners are elected for such service. The Act, here in question while not amendatory in form, provides for five commissioners, and contains other provisions different from those specified in the Code sections supra, and readopts many of them. It has the effect of amending those sections to the extent that they conflict with the Act. It expressly repeals all laws in conflict with it.

■ Therefore, the first question is whether those Code sections (Title 37, sections 35 to 88, inclusive) are a feature of the charter of Phenix City, which cannot be amended by a local law without violating section 104(18) of the Constitution. In the case of State ex rel. Wilkinson v. Lane, 181 Ala. 646, on page 659, 62 So. 31, on pages 34, 35, referring to an act of the legislature creating a commission form of government in cities of a certain class (which act was approved March 31, 1911, [General Acts 1911, page 204]), the Court observed that the act is in reality the charter under which the city then existed. It is said in 62 C.J.S., Municipal Corporations, § 10, page 90, Note 10: "Ordinarily, however, general laws become the charter of cities incorporated thereunder". The same is also stated in 43 Corpus Juris 84. And in State ex rel. City of Shawano v. Engel, 171 Wis. 299, 177 N.W. 33, it is observed that a city existing as a municipal corporation under general charter law is existing and operating under a charter. It is said in Clark v. North Bay Village, Fla., 54 So.2d 240, that the paramount law of a city is its charter. In People ex rel. City of Rochester v. Briggs, 50 N.Y. 553, it is said: "The charter, as it is called, consists of the creative act and all laws in force relating to the corporation, whether in defining its powers or regulating their mode of exercise." And "Any act which af-

fects the powers of a municipal corporation by enlarging or abridging them, or applying them to new subjects, or authorizing their exercise on new occasions or in new modes and forms, alters a corporation. * * * Laws relating to any specified municipal corporation are those which create the body, or define and regulate its powers and prescribe the mode of their exercise, and, taken together, constitute in a practical sense its charter."

██ A city now cannot obtain a charter by special or local law. Section 104 (5 and 6), Constitution. If a law controls its form of government or prescribes its powers, it is a part of the charter of the city. Such charter may be incorporated in many general laws when they are of that nature.

Reliance is had on the case of State ex rel. Gamble v. Hubbard, 148 Ala. 391, 41 So. 903. The City of Troy was incorporated by a special act (Acts 1869–70, page 123), prior to the effective date of the Constitution of 1901, November 28th. That was the charter of the city. At that time, that was the customary method of incorporating a city, although there was a general law providing for such incorporation by an election on petition to the judge of probate. Sections 2937 et seq., Code of 1896. When so incorporated charter powers were there specified. In the act creating the corporation of Troy, the mayor had conferred on him jurisdiction of proceedings to try and determine violations of ordinances of the city, and the jurisdiction of a justice of the peace within the corporate limits. On March 4, 1901, before the Constitution of 1901 became effective, an act was passed, original in form, establishing an inferior court of criminal and quasi criminal jurisdiction, known as the "recorder's court," providing for a judge thereof, conferring exclusive jurisdiction upon that court of all offenses against the by-laws and ordinances of Troy, and of all misdemeanors committed within said territory, with certain exceptions, concurrently with the criminal court of Pike County. This recorder's court act was repealed by a local act of October 6, 1903, after the effective date of the Con-

stitution of 1901, which prohibited the amendment of a city charter by a special or local law. The question was whether the local act of 1903 violated section 104 (18) of the Constitution by amending the charter of Troy. It was held that the recorder's court act was not a part of the city charter, and therefore that the city charter was not amended by the act of 1903. That the recorder's court act was independent legislation, and repealed by implication certain powers of the mayor because inconsistent with it, and only to that extent did it change or alter the incorporating act of the city, observing that to try offenses against the ordinances of the city and state criminal law, is not necessary to an act of incorporation. That the corporate powers of the city were neither enlarged nor diminished because the right to try certain offenses was taken away. Therefore, that the recorder's court act in no proper sense amended the charter of the city. It could have been repealed by the act of 1903 without offending section 104 (18) of the Constitution of 1901, which had by then become effective.

██ The foregoing statement of the nature and effect of the act of 1947, here involved, shows clearly that it either prescribes a new charter by local law in violation of section 104 (6), or amends its old charter offending section 104 (18) of the Constitution.

The demurrer to the answer filed by respondents Harris and Taff should have been sustained, and not overruled: the judgment of non-suit should be set aside and the cause restored to the docket for further disposition by the court.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY and GOODWYN, JJ., concur.

MERRILL, J., not sitting.