122 So.2d 757

**TRAILWAY OIL COMPANY et al.**

v.

**CITY OF MOBILE.**

I Div. 792.

Supreme Court of Alabama.

Jan. 14, 1960.

Rehearing Denied Sept. 15, 1960.

Caffey, Gallalee & Caffey, Mobile, for appellants.

` Fred G. Collins, Mobile, for appellee.

Beebe & Swearingen, Bay Minett, for Baldwin County, amicus curiae.

SIMPSON, Justice.

This appeal is from a decree of the Circuit Court in Equity of Mobile County, holding Act No. 80, Acts of Alabama 1956, Vol. 1, p. 115, unconstitutional as in violation of §§ 104(18) and 106 of the Alabama Constitution of 1901.

The operative provision of the act in question reads as follows:

"Section 1. That no municipality whose corporate limits do not lie within or extend into and embrace and include a portion of Baldwin County shall have or exercise police jurisdiction within Baldwin County; nor shall any such municipality exercise police jurisdiction, police powers or taxing powers within Baldwin County or over or on any person in Baldwin County or property or business or trade or profession in Baldwin County; nor shall any such municipality levy, fix or collect any license or fee of any kind on or for the exercise of any business, trade or profession done in Baldwin County; nor shall any ordinance of any such municipality enforcing police or sanitation regulations or prescribing fines or penalties for violation thereof have force or effect in Baldwin County."

This action originated in a bill for a declaratory judgment filed by complainants, now appellants, against the City of Mobile. The complainants were Trailway Oil Company, Inc. and Hurricane Oil Company, Inc., Alabama corporations, and James W. Rountree, who each operated, at the time of the filing of this suit, a business establishment in Baldwin County, Alabama, on the Mobile Bay Causeway on United States Highway 90, outside the corporate limits of the City of Mobile, but within three miles thereof. The Mobile corporate limits do not lie within, or extend into, or embrace or include any portion of Baldwin County. The bill alleged a justiciable controversy existing between the complainants and the respondent in regard to the validity of said act of the Legislature, and it prayed that the court might declare the act valid and

enjoin the respondent from exercising any police jurisdiction in Baldwin County.

The respondent City of Mobile contested the constitutionality of the act on the ground that it violated §§ 104(18), 105, 106, and 108 of the Constitution of Alabama of 1901, and the equal protection provisions of the Fourteenth Amendment to the Constitution of the United States.

After submission of the case on the pleadings and an agreed statement of facts, the lower court decreed that the act in question did not violate any provisions of the Fourteenth Amendment of the federal Constitution or §§ 105 or 108 of the state Constitution, but that, and we quote from the decree:

"5. The said Act is violative of Subsection 18 of Section 104 of the Constitution of Alabama of 1901 in that, contrary to the express terms thereof, said Act is a local law, introduced and enacted as such, amendatory of the charter of a municipal corporation with particular relation to the charter powers of a municipal corporation vested by virtue of the provisions of Sections 9 and 733 of Title 37 of the Code of Alabama of 1940, as amended.

"6. The said Act is violative of Section 106 of the Constitution of Alabama of 1901 in that, contrary to the express terms thereof, said Act is a local law affecting matters or things situated outside Baldwin County and specifically towit in Mobile County, but which Act was advertised, introduced and enacted as a local law relating only to Baldwin County and in which Baldwin County only was notice published of the intention to apply for its passage, as required by this said Constitutional section."

The court, therefore, declared against the claims in the bill of complaint and denied complainants the injunctive relief sought and taxed the costs against them.

■ At the outset it is expedient for us to point out that there is nothing before this court for review as to the correctness of the lower court's holding that the act under attack was inoffensive to the Fourteenth Amendment of the federal Constitution, or Sections 105 or 108 of the state Constitution. Those matters, of course, would be for appellee to raise, if so desired, appropriately by cross-appeal or cross-assignments of error, which it did not do. Ford Motor Co. v. Hall Auto Co., 226 Ala. 385, 147 So. 603; Roach v. Olive, 208 Ala. 612, 95 So. 23.

Appellant's assignments of error have properly raised for decision on this appeal whether the decree below was infected with error in declaring said Act No. 80 infractive of Sections 104 and 106 of our Constitution.

■ Preliminary to addressing ourselves to these questions it is proper to observe that the act under consideration is conceded to be a local act. It is also without dispute that county lines, rivers, and bodies of water constitute no barrier to the exercise of police powers over areas within the general police jurisdiction of a municipality. City of Birmingham v. Lake, 243 Ala. 367, 10 So.2d 24; White v. City of Decatur, 225 Ala. 646, 144 So. 873, 86 A.L.R. 914. As we see it, the question here to be resolved, in essence, is: Can the Legislature by local act pertaining to Baldwin County limit the exercise of police powers by municipalities to those cities or towns which are located within Baldwin County? Our conclusion compels an answer in the affirmative. This answer results from an approach to the case which regards the act in question as territorial only in effect, merely restricting the police jurisdiction of the City of Mobile in area, but not subjectively. We shall advert later to this point.

■ It is a fundamental principle of canonical construction, oft referred to, that all presumptions and intendments are indulged in favor of the validity of a statute,

it being the recognized duty of the court to sustain an act unless convinced beyond a reasonable doubt of its unconstitutionality. Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487; Yeilding v. State ex rel. Wilkinson, 232 Ala. 292, 167 So. 580; State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373; City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61. Or as stated in the City of Ensley v. Simpson case, supra, before an act of the legislature can be declared unconstitutional, it must clearly and unavoidably appear to have been without the power of the legislature.

■ It is well settled that the power of the legislature, except as restrained by the Constitution, is supreme in the enactment of statutory law, in the creation of subordinate governmental agencies, in prescribing their powers and duties, and it has plenary power to deal with such subordinate agencies of the state as counties and municipal corporations. White v. City of Decatur, supra; State ex rel. Brooks v. Gullatt, supra; Young Women's Christian Ass'n of Plainfield, N. J. v. Gunter, 230 Ala. 521, 162 So. 120.

■■ Full treatment of the question of legislative control over municipal corporations is given in the case of Yeilding v. State ex rel. Wilkinson, supra. The principle there stated is to the effect that a municipal corporation is a political creature, and the creature cannot be greater than its creator. Counties and cities are political subdivisions of the state, each created by the sovereign power of the state, in accordance with the sovereign will, and each exercising such power, and only such power, as is conferred upon it by law. Each being a creature of the statute, the same power which can create, can abolish. See also State ex rel. Wilkinson v. Lane, 181 Ala. 646, 62 So. 31, 34; State ex rel. Britton v. Harris, 259 Ala. 368, 67 So.2d 26; City of Ensley v. Simpson, supra; State ex rel. Brooks v. Gullatt, supra. Municipal powers may be enlarged, abridged or entirely withdrawn at the legislative pleasure.

State ex rel. Britton v. Harris, supra; City of Ensley v. Simpson, supra.

Section 106 of the Alabama Constitution of 1901 provides as follows:

"No special, private, or local law shall be passed on any subject not enumerated in section 104 of this constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, * * *. The courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section."

■ One of the contentions of the appellee is that the act under attack contravenes the provisions of this section, in that the act was advertised, introduced, and enacted as a local law relating only to Baldwin County and in which county only was notice published of the intention to apply for its passage, but that, in fact, the law affected matters situated outside Baldwin County and specifically in Mobile County. While analyzing this contention against the validity of the subject act, a sensible construction must be given to the act and any general terms used in the statute should be so limited in their application as not to lead to an absurd consequence. Ex parte Rowe, 4 Ala.App. 254, 59 So. 69.

■ We have carefully reviewed the provisions of the local act and the construction that we place thereon is that its only effectiveness is within the boundaries of Baldwin County and that it does not affect anything, municipality or otherwise, lying outside the limits of Baldwin County, except in so far as a part of the police jurisdiction of the City of Mobile, whose corporate limits do not lie within or extend into and embrace and include a portion of Baldwin County, lies within that county.

The sole manner in which this act can affect the City of Mobile, or any other city similarly situated with respect to Baldwin County, is to lop off that part of the municipality's police jurisdiction which extends across the Baldwin County line. The act does not purport to reduce or diminish in any way the extent, scope, or incidents of the police jurisdiction which does not lie within Baldwin County. Any notice of intention to apply for passage of the act to which appellee City of Mobile was entitled can be reasonably said to have been satisfied by the publication which occurred within Baldwin County, since the police jurisdiction of the City of Mobile at that time extended into and existed within Baldwin County and thus made itself subject to such publication notice.

The case of Dawson v. State, 196 Ala. 593, 71 So. 722, 723, is somewhat analogous to this situation. That case considered the constitutionality of an act passed by the legislature providing for the detachment of the county of Marengo from the First Judicial Circuit, transferring all causes pending in the Circuit Court of Marengo County to the Marengo Law and Equity Court, after notice of intention to apply therefor had been published only in Marengo County. The appellant in that case insisted that publication should have been had in each county in the circuit. The court there stated: "We are persuaded, however, that the other counties of the First judicial circuit are unaffected, so far as the constitutional provision above quoted is concerned, by the act of February 11th. 'The matter or thing to be affected' was the holding of the court in Marengo county and the detachment of said county from the First circuit. The act in no manner affected any of the counties of the circuit, except Marengo, and it was therefore a matter with which the other counties could not be concerned. We think it quite clear that the framers of the Constitution had no intention to require by this section the publication of such notice in every county of a circuit or division when the act is intended to

affect only the county which is being detached."

We think that the logic of the Dawson case is persuasive here, and we hold that the act in question does not contravene any provision of Section 106 of the Alabama Constitution.

Appellee City of Mobile also argues that part of the lower court's decree which declared that the act is violative of subsection 18 of Section 104 of the Constitution should be sustained in that the law is amendatory of the charter of a municipal corporation.

Subsection 18 of Section 104 of the 1901 Constitution provides as follows:

> "The legislature shall not pass a special, private, or local law in any of the following cases:
>
> \* \* \* \* \* \*
>
> "(18) Amending, confirming, or extending the charter of any private or municipal corporation, or remitting the forfeiture thereof; provided, this shall not prohibit the legislature from altering or rearranging the boundaries of the city, town, or village; \* \* \*"

Appellee's argument was that the act attempts to amend the charter of the City of Mobile for the reason that it modifies or alters those powers of the city vested in it by virtue of the provisions of §§ 9 and 733 of Title 37, Code of Alabama of 1940, as amended.

It is true that, ordinarily, the general laws of the state relating to municipalities become the charter of cities and towns, and if a law controls a city's form of government or prescribes its powers, it is a part of its charter. State ex rel. Britton v. Harris, supra; State ex rel. Howard v. Cole, 269 Ala. 39, 110 So.2d 273. The charter consists of the creative act and all laws in force relating to the corporation, whether in defining its powers or regulating their mode of exercise. If a law controls its form of government or prescribes it powers, it is a part of the charter of the city. Such charter may be incorporated in many gen-

**224**

eral laws when they are of that nature. State ex rel. Britton v. Harris, supra. But it also must be remembered that the legislature has ample authority to alter or amend certain incidental and non-essential powers of municipal corporations in this state by general law and to repeal by general or local law the charter of any such corporation. State ex rel. Gunter v. Thompson, 193 Ala. 561, 69 So. 461.

 It would be but to prolong uselessly this opinion to analyze all of the ramifications and various exceptions to the general rules outlined above pertaining to application of subsection 18 of Section 104 of the State Constitution. Following are a few of the cases thus construing that subsection: State ex rel. Howard v. Cole, supra; State ex rel. Gamble v. Hubbard, 148 Ala. 391, 41 So. 903, 906; Houston County v. Covington, 233 Ala. 606, 609, 172 So. 882; In re Opinion of the Justices, 266 Ala. 363, 96 So. 2d 634, 640; City Council of Montgomery v. Birdsong, 126 Ala. 632, 647, 28 So. 522; State ex rel. Britton v. Harris, supra; City of Ensley v. Simpson, supra; Cf. Opinion of the Justices, 264 Ala. 76, 84 So.2d 768. Suffice it to say that, generally speaking, § 9 of Title 37, describing the territorial extent of the municipal police jurisdiction and the incidents thereof, and § 733 of Title 37, as amended, authorizing and regulating the fixing and collecting of licenses within the police jurisdiction of cities and towns, are general laws, and, as such, they are considered part of every municipal charter.

 We think, however, that the law which controls the instant case is found in the language of the constitutional subsection now under consideration. Subsection 18 of § 104 provides that the proscription therein contained· "shall not prohibit the legislature from altering or rearranging the boundaries of the city, town, or village"; and the cases construing this proviso are clear.

"Subdivision 18 of Section 104 of the Constitution discloses an intent to make the matter of extending the boundaries of cities and towns an exception to the prohibition against local legislation, and it was held in State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373 that subdivision 18, supra, permitted legislation by local laws concerning the alteration or rearrangement of cities, towns or villages without regard to the general law upon the subject." In re Opinion of the Justices, 249 Ala. 312, 31 So.2d 309, 310.

And in City of Ensley v. Simpson, supra [166 Ala. 366, 52 So.2d 65], this court stated:

"Nor is an alteration or rearrangement of the boundaries an amendment of the charter of a municipality. The Constitution clearly recognizes this fact by excepting an act altering or rearranging boundaries from the prohibition against local laws amending charters."

The City of Ensley case, supra, also contained the following quotation from Hunter v. City of Pittsburgh, 207 U.S. 161, 28 S. Ct. 40, 46, 52 L.Ed. 151:

"The number, nature, and duration of the powers conferred upon these corporations and the territory over which they shall be exercised rests in the absolute discretion of the state. * * * The state, therefore, at its pleasure, may modify or withdraw all such powers, may take without compensation such property, hold it itself, or vest it in other agencies, expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. * * * The power is in the state, and those who legislate for the state are alone responsible for any unjust or oppressive exercise of it."

And it has been said that the rule is universally recognized that the legislature, in the absence of specific constitutional limitations, has power to detach territory from municipalities. Geweke v. Village of

Niles, 368 Ill. 463, 14 N.E.2d 482, 117 A.L. R. 262, 268; 11 Am.Jur. 894, § 192, note 5 (Supplement).

 The state Constitution, in defining general and local laws, has reference to statutes in their territorial application, and not in their subject matter. State ex rel. Attorney General v. Sayre, 142 Ala. 641, 39 So. 240.

Another case supporting the right of the legislature to alter or rearrange the territorial area of a municipality is City of Birmingham v. Norton, 255 Ala. 262, 50 So.2d 754.

We are not aware of any authority in this state making application of the proviso in subdivision 18 of § 104 of the state Constitution to just such a case as we have before us now, that is, involving an attempt to alter the boundaries of a police jurisdiction. However, there is no apparent reason why the same principles would not apply to the limits of a police jurisdiction as well as to the corporate limits. Rather, it would seem *a fortiori* that the limits of a municipal police jurisdiction could certainly be altered or rearranged within the sanction of this constitutional provision. Said Act No. 80, does not purport to change or modify any municipal ordinance of the City of Mobile or any other city in the State of Alabama. It does not attempt to change the form of government of any city in this state, nor does it seek to affect the nature and extent of the police, taxation, or licensing powers of any municipality. A study of the act reveals that its only result is to merely remove to the county line of Baldwin County the limits and incidents of those police jurisdictions attaching to any municipality whose corporate limits lie outside of Baldwin County. The act accomplishes only a relocation of the territorial extent of the police jurisdiction and, within the remaining area of the police jurisdiction, does not reduce, expand, or have any other effect upon the incidents which by law are inherent in the police powers of cities and towns in this state.

Based upon these considerations, we hold that Act No. 80 was a valid exercise of legislative power in so far as subdivision 18 of § 104 of the Constitution is concerned.

The following statements expressed in the City of Ensley case, supra, are worthy of note here, and we are in full accord:

"The power to alter, amend (subject in this state to the limitation that in certain conditions it must be done by general bill), or repeal the charter of a public corporation must necessarily exist without limitation in the sovereign, otherwise there would be 'numberless petty governments existing within the state, forming a part of it, but independent of the control of the sovereign power'. * * *

"As for the reasonableness of the exercise of power in this particular case, 'this court has, as it should, borne constantly in mind * * * that the propriety and wisdom of enactments by the lawmakers are questions peculiarly and exclusively within the decisive right of that department, and, if the act under investigation contravenes no provision of the organic law, the judiciary is without rightful power to review the legislative determination of the wisdom and propriety of the action taken.'"

See also State ex rel. Gunter v. Thompson, supra.

It results from these considerations that the decree must be reversed with directions that the learned trial court issue the injunction as prayed for.

Reversed and remanded with directions.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.