141 So.2d 175

STATE of Alabama ex rel. Huston CARTER

v.

Ben H. HARRIS, as Chairman, et al., etc.

1 Div. 920.

Supreme Court of Alabama.

Sept. 14, 1961.

Rehearing Denied May 10, 1962.

Fred G. Collins and Thos. M. Galloway, Mobile, for appellees.

Gessner T. McCorvey, Chas. B. Bailey, Jr., McCorvey, Turner, Johnstone, Adams & May, Caffey, Gallalee & Caffey, Ralph G. Holberg, Jr., Wm. R. Lauten and Ralph Kennamer, Mobile, amici curiae in behalf of appellees on rehearing.

SIMPSON, Justice.

This is an appeal from a judgment of the Circuit Court of Mobile County in an action in the nature of quo warranto filed in the name of the State on the relation of Huston Carter, appellant (see Code 1940, Title 7, § 1136) holding Act No. 631, 1959 Acts of Alabama, Vol. 2, p. 1535 constitutional and valid as against the proscriptions of §§ 104(6), (17), (18), and 105, Article 4 of the Constitution of 1901.

Trial was had upon an agreed statement of facts. The Act under attack is local applying to the City of Mobile.

The most serious challenge to the Act is that it violates subdivision 6 of § 104 of the Constitution which prohibits the Legislature from passing any special, private, or local law granting a charter to any corporation, association, or individual. In our view, the argument supporting this challenge is well taken and we will pretermit discussing the other constitutional proscriptions argued as invalidating the Act.

Said Act 631 was obviously intended to supplant Chapter 2, Title 25, of the Code of Alabama of 1940 by authorizing the creation of another agency should it be deemed advisable by the governing body of the City of Mobile, to carry out substantially the

Wm. H. McDermott, Mobile, for appellant.

duties and responsibilities formerly exercised by the Mobile Housing Board, a public corporation created and established pursuant to the provisions of said Chapter 2 of Title 25, Code. The Mobile Housing Board created pursuant to the authority contained in Chapter 2 as amended is a public body and body corporate and politic. Section 7, Title 25, supra. The Mobile Urban Renewal Agency, created under the provisions of Act 631, is likewise a public corporation, but a local act applying to the City of Mobile alone.

As stated, subsection 6 of § 104 prohibits the.passage of any special, private or local law "granting a charter to any corporation, association, or individual". It is contended by appellant that Act 631 does grant a charter to a corporation and is admittedly a local law applying only to the City of Mobile. Appellees take the position first that the constitutional prohibition does not apply to· a corporation of the type here involved, and in the second place that Act No. 631 does not grant a charter to the corporation designated as Mobile Urban Renewal Agency.

 There is no merit in the suggestion that the constitutional prohibition does not apply to corporations such as the one designated in Act 631. The subsection says *any corporation*, which necessarily includes public as well as private corporations. It has been ·in terms applied to a municipal corporation. State ex rel. Britton v. Harris, 259 Ala. 368, 373, 67 So.2d 26. According to the accepted classification of corporations, they are first divided into public and private. Municipal corporations are public corporations. Black's Law Dict., 1891 Ed. Act 631 itself declares the Mobile Urban Renewal Agency, when created, to be a "public body politic". The first contention of appellee, therefore, is without merit.

• Does the Act "grant a charter" to the corporation in violation of said subsection (6)? An act of the legislative department of government under which a corporation is created becomes a part of

the charter of the corporation. State ex rel. Britton v. Harris, supra; Trailway Oil Co. v. City of Mobile, 271 Ala. 218, 122 So. 2d 757. Otherwise stated, the charter of a corporation consists of its articles of incorporation taken in connection with the law under which it was organized; or a charter is an act of a legislature whereby a corporation is created and its franchise is defined. See Black's Law Dict., Words and Phrases.

Section 1 of Act No. 631 reads:

> "If the governing body of the City of Mobile (hereinafter called City) by resolution declares that there is need for a separate authority to plan and carry out redevelopment projects and urban renewal projects as defined by Act No. 491 of the Acts of the Legislature of 1949, page 713, approved August 30, 1949, and Act No. 553 of the Acts of the Legislature of 1955, page 1213, approved September 9, 1955, respectively, a public body corporate and politic shall exist in such city and shall be known as the Mobile Urban Renewal Agency (hereinafter called Agency)."

Clearly the Act authorizes the creation of the Mobile Urban Renewal Agency by name. Granted that such corporation comes into existence only at the instance of the city governing body, it may only exist by virtue of the statute. Its franchises, its powers are either conferred by the statute or by other statutes adopted by reference. As stated, the Act is clearly a local law. And as also stated, creation of and granting of a charter to a corporation cannot be accomplished by local law. Const. § 104(6).

As we interpret Act 631, the effect of it is to do away with an existing corporate body, created by general law, and authorize the creation of (create) an entirely new one in its stead, by local law. It is provided that after formation of the Urban Renewal Agency, the existing municipal housing authority (or Housing Board) of the

City of Mobile "shall no longer have power to plan, undertake, or carry out any redevelopment project", and that the Mobile Urban Renewal Agency "shall thereafter have sole power to plan", etc.

In State ex rel. Britton v. Harris, supra [259 Ala. 368, 67 So.2d 30], we said:

"A city now cannot obtain a charter by special or local law. Section 104 (5 and 6), Constitution. If a law controls its form of government or prescribes its powers, it is a part of the charter of the city. Such charter may be incorporated in many general laws * * *."

These observations, it seems to us, apply with equal force to the corporate agency here attempted to be created by local law. For, as we have said, the inhibition prescribed in subsection (6), § 104 is the granting of a charter to *any* corporation.

We perforce conclude that Act No. 631 is void as in violation of § 104(6) of the Constitution.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.

On Rehearing.

SIMPSON, Justice.

We have given studious attention to the briefs submitted in support of the application for rehearing. Able counsel for appellees and for interested parties, agencies, associations and individuals asked to be heard in the capacity of amici curiae, have presented forceful and persuasive argument to the effect that the Mobile Urban Renewal Agency is a *public* corporation and as such is not within the provision of § 104 of the Constitution prohibiting a local or special act granting a charter to a corporation. It is urged on rehearing, as it was on original submission, that the words "any corporation" mean private business corpora-

tions. On original submission no Alabama decision was called to our attention sustentative of this view and none has since been brought forward. Counsel have drawn analogy between corporations or commissions set up as adjuncts to county governing bodies and those set up as ancillary to municipal governing bodies. One of the briefs collects local acts passed between the year 1907 and the present time, creating public corporations or commissions. Few of these acts were ever judicially tested and the repeated employment of local legislation to create such agencies manifests, it is argued, a legislative interpretation of §§ 104 and 105 as inapplicable to such statutes as that here involved. Most of such local acts brought to our attention related to county rather than municipal agencies. One of the acts (Local Acts 1927, p. 249) created the Morgan County Court House Commission. This act was attacked primarily as offensive to § 105 of the Constitution. The validity of this local act was affirmed by this Court in State ex rel. Day v. Bowles, 217 Ala. 458, 116 So. 662.

In the Bowles case, this Court observed:

"A county is a unit of government invested with important functions of local character, and also in relation to the state, its revenues, the administration of its laws, etc. * * * This court has in numerous cases had occasion to consider the application of section 105 of the Constitution to local legislation, and in some has sought to define in general terms its scope of operation on matters not withdrawn from the field of local legislation by section 104. Sufficient to say now, it is settled, we think, by our decisions, that this section does not withdraw the legislative discretion to prescribe or change the governing agencies of counties by local legislation suited to the varied needs of counties of widely different conditions as to population, wealth and local requirements. Such legislation need not be based upon en-

largement or curtailment of governmental functions. General laws may already meet all the demands in that regard, and agencies, may be provided by general law; yet, if a substantial object of the local law is to abolish one agency and invest its functions in another, to consolidate agencies, to provide additional ones to take over and reduce the labors of existing agencies or to create new ones deemed to be better fitted to exercise in whole or in part functions theretofore committed to an existing agency, such local act is not within the inhibition of section 105 of the Constitution."

In Montgomery v. City of Athens, 229 Ala. 149, 155 So. 551, we said:

"There is quite a distinction in law between the status of a county and that of a city. A county is an involuntary association created as an arm of the state, that the latter may more properly function; whereas a town or city is a voluntary association created and built upon the voluntary assent of the community and its citizens, and enjoys the privileges and rights given in its charter of creation and the laws governing the same."

And in Askew v. Hale County, 54 Ala. 639, we said that a county is not a corporation proper, but a quasi corporation. In the Athens case, we pointed out that a municipal corporation, strictly speaking, exercised not only governmental powers, but also proprietary or business powers as to which it was subject to the same rules of law applicable to persons or ordinary business corporations engaged in like business.

In pointing out the distinction between municipal corporations and county governing bodies, we have had only the purpose of answering the argument advanced by the champions of the local act here involved. We are not to be understood as holding or suggesting that the mere fact of county

application of a special or local statute, rather than municipal application is the deciding factor on the question of validity, vel non, of such a statute. Nor do we pass or intimate judgment upon those cited to us and which have not been judicially tested.

Some cases have been called to our attention which have upheld special statutes creating state corporations—such as Alabama State Bridge Corporation, The Department of Docks and Terminals of the State, and the like—as not offending other constitutional prohibitions than §§ 104 and 105. The State, itself, is not embraced within these limitary provisions. On the contrary, it is constitutionally permitted to create corporations or other agencies to act for and on behalf of the State when authorized by the legislature. In brief, decisions from many other states have been cited as authority for the proposition that a public corporation is not comprehended by § 104(6). That the Mobile Urban Renewal Agency is a public corporation we readily concede, but we do not regard the foreign cases relied upon as lending support to the proposition that this agency is without the prohibition of § 104(6). Several of the cited cases deal with corporations or agencies created to serve areas other than cities or towns, such as a levee district, a state hospital for the insane, a reclamation district, a city park district (created under specific constitutional permit), library boards, toll roads and toll road commissions, a state office building commission, a medical college association, authorizing a county or school district to issue bonds, a metropolitan authority for several counties, among others. This class of cases is in harmony with our own decisions dealing with agencies or corporations generally characterized as state agencies, rendering state-wide services, or to a segment of the public at large, albeit localized as to situs. Some other of the cases deal with agencies to perform primarily local services in a city or town. These have been sustained as falling into the category of municipal corporations and not within the purview of constitutional provisions prohibiting local

or special acts creating or chartering corporations generally. None of the cases involves the situation here before us, that is, constitutional proscriptions against local or special laws incorporating or amending the charter of a municipal corporation, or granting a charter to any corporation, and a local act chartering a corporation to perform a purely municipal function.

 While on original consideration we confined ourselves to the single question of violation of § 104(6), we are clear to the conclusion that we might well have condemned Act No. 631 upon a different ground of attack made on the trial and on appeal. Not only does the local act grant a charter to the corporation created (or authorized to be created by the city governing body), another inescapable effect of the act is to alter or amend the charter of the City of Mobile by granting to it the added power of creating a corporation with enlarged powers, to issue bonds, etc. Treating Act No. 631 as altering the charter of the City of Mobile it must necessarily fall under the proscription of § 104(18).

It is always with reluctance that we strike down any statute enacted by the legislature. We have uniformly observed the rule that every doubt or intendment be resolved in favor of the validity of a statute. There should be borne in mind the reason underlying the adoption of §§ 104 and 105 of the Constitution. Prior to the Constitution of 1901 it was the common practice to pass local or special laws to accomplish the purposes listed in § 104. Cities and towns were incorporated by local laws. All manner of corporations and associations were created by special laws. There was of necessity a lack of uniformity. There was as well a burden resting upon the legislature. It was to remove these evils that § 104 was framed. To sustain Act No. 631 in its present form—not in anywise to reflect upon its merits—would be to throw open the door to an uncalculated deluge of local legislation. For one thing, any municipality now operating or desiring to operate under what constitutes Title 25 of the Code might, ignoring the general laws relating to housing authorities and urban renewal agencies, obtain special legislation to accomplish its peculiar desires or convenience. Anyone familiar with the legislative processes must perforce recognize the different attitude of members of the legislature in considering laws of general application and those of purely local operation. In the one, each and every member has an interest; in the other what is termed legislative courtesy takes the place of composite deliberation. In matters such as that here involved, uniformity, rather than multiple difference, commends itself.

Although we are reluctant to strike down the act, we are at the conclusion that our original opinion should be adhered to.

Rehearing overruled.

GOODWYN, MERRILL and COLEMAN, JJ., concur.