176 So.2d 29

## OPINION OF THE JUSTICES.

### No. 182

Supreme Court of Alabama.

June 8, 1965.

The title of S.B. 133 is as follows:

### A BILL
### TO BE ENTITLED
### AN ACT

Relating to the development of the Elk River Watershed area; creating the Elk River Development Agency as an agency of the State of Alabama for such purpose; providing for its incorporation as a public body corporate; prescribing its authority, powers, duties, functions, and management; authorizing the agency to issue bonds, and

the counties of Lauderdale and Limestone and municipalities therein to contribute funds and levy taxes for its use.

The Senate of Alabama
State Capitol
Montgomery, Alabama

Gentlemen:

We are in receipt of Senate Resolution No. 15 wherein you request our opinion "concerning the following important constitutional questions which have arisen in connection with Senate Bill 133, now pending."

Your first question reads, in part: "Does said bill propose a local, special, or private law within the meaning of the Constitution of Alabama, Article 4, Sections 104(6), 106, and 110?"

■ We are of the opinion that Senate Bill 133 proposes a local law within the meaning of § 110 of the Constitution of Alabama.

Section 110, supra, reads:

"A general law within the meaning of this article is a law which applies to the whole State; a local law is a law which applies to any political subdivision or subdivisions of the State less than the whole; a special or private law within the meaning of this article is one which applies to an individual, association or corporation."

Senate Bill 133 has for its purpose, if we understand it correctly, the establishment of a state development agency "for the Alabama portion of the Elk River watershed." Apparently all of that watershed is in the counties of Lauderdale and Limestone. Aside from one person to be named by the Governor, all of the members of the board of directors of the agency to be created, in the form of a public corporation, are to come from Lauderdale and Limestone Counties and it is only those counties and "the municipalities located in the Alabama portion of the Elk River watershed" which are authorized and empowered to contribute money from their general funds to the agency to be created.

Thus, it appears to us that Senate Bill 133 cannot be said to apply to the whole state, but to political subdivisions of the state less than the whole.

In State ex rel. Attorney General v. Sayre, as Judge, etc., 142 Ala. 641, 39 So. 240, this court held an act creating a judicial circuit, composed of four counties, to be a local law. Emphasis was given to the language of § 110, defining a local law to include one applying to a subdivision. Following Wallace v. Board of Revenue of Jefferson County et al., 140 Ala. 491, 37 So. 321, the fact that it affected the court system of the state, or concerned the administration of state laws or matters in which the state was interested arising in that jurisdiction, was held not to bring the act within the definition of general laws. The territorial boundaries embraced within the circuit were made the controlling factor.

We see no escape from the conclusion that Senate Bill 133 is a local law in view of our holding in the case last referred to above, which has been cited approvingly in several subsequent decisions, including State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473; Stone v. State ex rel. Courtney, 233 Ala. 239, 171 So. 362; Trailway Oil Co. v. City of Mobile, 271 Ala. 218, 122 So.2d 757.

■ Being a local law, it is void if no notice of an intention to apply for its passage was published as required by § 106 of the Constitution.

Although Senate Bill 133 authorizes the creation of a public corporation, since it is a local law it runs counter to the provisions of § 104(6) of the Constitution of this state, which reads:

"The legislature shall not pass a special, private, or local law in any of the following cases:

\* \* \* \* \* \*

"(6) Granting a charter to any corporation, association, or individual; * * *"

The provisions just quoted have been held to apply to public as well as private corporations.—State ex rel. Carter v. Harris et al., 273 Ala. 374, 141 So.2d 175.

In view of the conclusion which we have reached above, we respectfully decline to answer the other questions which you asked in your resolution, since to do so would be of no benefit to you in your consideration of Senate Bill 133.

Respectfully submitted,

J. ED LIVINGSTON,
Chief Justice

THOMAS S. LAWSON,

JOHN L. GOODWYN,

PELHAM J. MERRILL,

JAMES S. COLEMAN, Jr.,

ROBERT B. HARWOOD,
Justices.