84 So.2d 768

### OPINION OF THE JUSTICES.
### No. 151.

Supreme Court of Alabama.

Jan. 13, 1956.

———◆———

The House of Representatives
State Capitol
Montgomery, Alabama

Dear Sirs:

We are in receipt of House Resolution 12, adopted January 10, 1956, which is as follows:

"H.R. #12            By: Mr. Kelly
"A Resolution Requesting Advisory
    Opinions of the Justices of the Supreme Court of Alabama Relative to H.B. 128

"Resolved by the House of Representatives, that the Justices of the Supreme Court of Alabama or a majority of them, are hereby respectfully requested to give this body their written opinion concerning the following important constitutional questions which have arisen in connection with H.B. 128 by Mr. Kelly, a bill for an Act 'To provide for the election of a chief of police for the municipality of Haleyville in Winston County, prescribe his powers and duties, regulate his compensation, provide for the appointment of his assistants and regulate their compensation,' which is now pending in the Legislature. A true copy of said bill is attached hereto and made a part of this resolution by reference.

"Question 1. Does said bill, H.B. 128, propose a local law amending, confirming or extending the charter of the municipality of Haleyville in contravention of Section 104(18) of the Constitution of 1901?

"Question 2. In view of the fact that the general law (Title 37, Sections 407 and 409 of the Code of Alabama, 1940), authorizes the council of a city or town to provide for a chief of police, prescribe his duties and fix his salary, does H.B. 128 propose a local law in contravention of the provisions of Section 105 of the Constitution of 1901."

"H.B. # 128            By: J. H. Kelly

"A Bill To Be Entitled An Act

"To provide for the election of a chief of police for the municipality of Haleyville, in Winston County, prescribe his powers and duties, regulate his compensation, provide for the appointment of his assistants and regulate their compensation.

"Be It Enacted by the Legislature of Alabama:

"Section 1. A chief of police shall be elected for the municipality of Haleyville in Winston County by the qualified electors thereof, at the same time, in the same manner, and for the same term as the mayor of said municipality. The chief of police shall be the chief law enforcement officer of the municipality, shall have all the powers of a peace officer, and shall be charged with the duty of enforcing the lawful ordinances enacted or adopted by the council of said municipality. Any vacancy in such office shall be filled by the town council.

"Section 2. The chief of police of Haleyville shall receive a monthly salary of three hundred fifty dollars,

payable out of the. funds of the municipality as the compensation of other municipal officers is paid.

"Section 3. The chief of police of Haleyville is authorized and empowered to appoint policemen to assist him in the performance of his duties, in such number and at such salaries as the town council may prescribe; *provided,* the compensation of every policeman so appointed shall be fixed at not less than two hundred fifty dollars a month.

"Section 4. All laws or parts of laws which conflict with this Act are repealed.

"Section 5. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.

"Section 6. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law."

Our answer to question 1 is in the affirmative.

Section 104, Subd. (18), Constitution 1901, is as follows:

"Sec. 104. The legislature shall not pass a special, private, or local law in any of the following cases:

\* \* \* \* \* \*

"(18) Amending, confirming, or extending the charter of any private or municipal corporation, or remitting the forfeiture thereof; provided, this shall not prohibit the legislature from altering or rearranging the boundaries of the city, town, or village."

The 1950 Federal Census gives to Haleyville a population of 3,331. Accordingly, Section 406, Tit. 37, Code 1940, applies to such municipality and constitutes a part of its charter. State ex rel. Britton v. Harris, 259 Ala. 368, 372–373, 67 So.2d 26. Section 406 is as follows:

*"In cities having a population of less than six thousand and in towns, the council shall elect a clerk, and may elect a recorder, and fix their salary and term of office, and may determine by ordinance the other officers of the city or town, their salary, the manner of their election and the term of office,* and shall fill all vacancies in the council by a majority vote of the council. There shall be no recorder in towns." [Emphasis supplied.]

It is apparent that House Bill 128 proposes a local law. Section 110, Constitution 1901. Therefore, if the proposed Act has the effect of amending Section 406, Tit. 37, supra, it is in violation of Section 104, Subd. (18), Constitution 1901, supra. Clearly, Section 406 gives to the municipal governing body the authority, in the first instance, to determine whether there shall be an officer designated as chief of police, and, if such officer is provided for, the further authority to determine his salary, the manner of his election and his term of office. The proposed Act takes away this authority and, in so doing, effectively amends Section 406, Tit. 37, supra, in violation of Section 104, Subd. (18), Constitution 1901, supra. State ex rel. Britton v. Harris, supra.

In view of our answer to the first question, we see no need to answer the second question.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
JOHN L. GOODWYN
PELHAM J. MERRILL
JAMES J. MAYFIELD
Associate Justices