110 So.2d 273

**STATE of Alabama ex rel. Ed HOWARD**

v.

**W. M. COLE et al.**

**7 Div. 425.**

Supreme Court of Alabama.

March 12, 1959.

40

T. Reuben Bell, Sylacauga, White, Bradley, Arant, All & Rose and Harry R. Teel and Joseph H. Johnson, Jr., Birmingham, for appellant.

Guy Sparks, Anniston, for appellees.

MERRILL, Justice.

This is an appeal from a final judgment dismissing appellants' complaint. The complaint, in the nature of quo warranto, sought to oust the appellees as members of the Civil Service Board of Sylacauga on the ground that the local act creating the Civil Service Board violated subdivision 18 of Sec. 104 of the Constitution of 1901. The trial court sustained defendants' demurrer and plaintiffs declined to plead further, and appealed from the dismissal of the cause.

The complaint alleges that under Sylacauga's charter, the city council and the mayor have the power to appoint, remove and fix the salaries and terms of office of certain specifically named municipal officers and employees; but under the Civil Service law, the members of the Civil Service Board claim to have the right to restrict the mayor and council in the exercise of such appointive, removal and other powers conferred upon them by the city's charter.

The sole question is whether the local Civil Service Act, Act No. 428, Acts of Alabama 1951, p. 763, approved August 17, 1951, violates subdivision 18 of Sec. 104, which reads:

> "Sec. 104. The legislature shall not pass a special, private, or local law in any of the following cases:
>
> \* \* \* \* \* \*
>
> "(18) Amending, confirming, or extending the charter of any private or municipal corporation, or remitting the forfeiture thereof; provided, this shall not prohibit the legislature from altering or rearranging the boundaries of the city, town, or village; \* \* \*."

■ The city argues first, that the law is a local law; second, that it effectively amends, alters or extends §§ 405, 409, 410, 411, 429, subd. 8, 441, 451 and 455 of Tit. 37; and third, that such sections constitute a part of the charter of the City of Sylacauga as held in State ex rel. Britton v. Harris, 259 Ala. 368, 67 So.2d 26. We agree with the first and third contentions. The Civil Service Act is a local law and the Harris case correctly holds that ordinarily the general laws of the state relating to municipalities become the charter of cities and towns; and if a law controls its form of government or prescribes its powers, it is a part of its charter. The question then is whether the local law amended, confirmed or extended the charter.

■ Appellants argue that this court correctly decided that local acts which change the general laws affecting municipalities are unconstitutional under Sec. 104, subd. 18 in Little v. State ex rel. Huey, 137 Ala. 659, 35 So. 134. It is also suggested that we departed from this "sound" holding through the years, but finally came back to it in Opinion of the Justices, 264 Ala. 76, 84 So.2d 768. We agree that this court has departed from the holding in the Little case, but cannot agree that we have returned to it.

The Little case held that a local act establishing a "board of police commissioners" for the City of Bessemer and granting to such board the exclusive power to hire and fire, and to prescribe the terms of office of police officers, the sanitary inspector and the wardens of the city prison, amended the charter of the City of Bessemer and thus violated subdivision 18 of Sec. 104 of the Constitution of Alabama of 1901. But, in the case of State ex rel. Gamble v. Hubbard. 148 Ala. 391, 41 So. 903, 906, this court said:

> " \* \* \* The case of Little v. State ex rel. Huey, supra, is directly opposed to the principles we have declared, and must be overruled."

The Hubbard case has been cited and followed in subsequent decisions, but not modified or overruled. Appellants also concede in brief that the case of Houston County v. Covington, 233 Ala. 606, 172 So.

882, appears to be "some authority against our general proposition." Our most recent pronouncement on Sec. 104, subd. 18 related to a local bill for Lauderdale County which provided for an annual license tax of .$5 on all motor vehicles in the county for hospital purposes, provided that the governing body of the City of Florence file with the county governing body a resolution requesting the levy of the tax. In Opinion of the Justices, 266 Ala. 363, 96 So.2d 634, 640, we said:

"* * * We do not think this provision operates to 'amend, confirm, or extend the charter' of a municipal corporation contrary to Subdivision (18). Houston County v. Covington, 233 Ala. 606, 609, 172 So. 882."

The citation of the Houston County case would indicate that we still consider it apt and binding precedent.

The case most nearly in point is that of Yeilding v. State, 232 Ala. 292, 167 So. 580, 583. The act there under consideration created a county-wide Civil Service System affecting personnel employed by the county and personnel employed by certain municipalities in the county. The action was in the nature of quo warranto as in the instant case. The second question posed by the court in its decision is stated as follows: "Was it within legislative competence to abridge the right of local self-government of municipalities falling within the class designated by the act, to the extent and in the manner attempted in the act?" After discussing the question at length, this court said:

"Civil service laws as applicable to municipalities are treated in 43 Corpus Juris, p. 606 et seq., and are there declared very generally upheld as against constitutional attack.

"If it be conceded that the act in question is a local law, yet we find nothing therein which runs counter to paragraph 18 of section 104 of the Constitution, as argued.

"The act is original in form and substance, and is not amendatory in character. In our opinion, section 104 of the Constitution is here without application."

We think the Yeilding case supports the judgment of the lower court in the instant case.

But appellants argue that the act in the Yeilding case was a general bill and was not subject to Sec. 104 of the Constitution, which deals only with "special, private, or local law." This argument is based on the fact that the act created and established a county-wide Civil Service System in "each County of the State of Alabama which has a population of 200,000 or more people" etc. As noted, supra, the majority opinion in that case deals with the act as if it were a local law, and the minority opinion states flatly that it "is clearly a local law applicable to that county [Jefferson] only." It was introduced and passed as a local bill with notice and proof of publication required of local bills by Sec. 106 of the Constitution, see House Journal, 1935, p. 1290, and Senate Journal, 1935, p. 1385; and even though it might possibly have been considered as a general bill with local application, we see no reason to overturn the holding in the Yeilding case where it was considered to be a local law. The Yeilding case was followed in Dobbins v. Yeilding, 232 Ala. 94, 167 So. 594, and Yeilding v. Aldridge, 232 Ala. 94, 167 So. 594.

In State ex rel. Gamble v. Hubbard, 148 Ala. 391, 41 So. 903, 905, it was said:

"* * * In City Council of Montgomery v. Birdsong, 126 Ala. [632], 647, 28 So. 522, it was said: 'Nor does the enactment offend that other provision of said section of the state Constitution, touching the revision, amendment, and extension of laws. That provision has been repeatedly held to apply to statutes strictly amendatory, and not to such as are independent

and complete within themselves, although they adopt by reference merely the provisions of the other statutes on the same subject, there appearing in more enlarged and extended form.' See, also, Sisk v. Cargile, 138 Ala. 164, 35 So. 114; Thomas v. State, 124 Ala. 48, 54, 27 So. 315; Cobb v. Vary, 120 Ala. 263, 24 So. 442; Bates v. State, 118 Ala. 102, 24 So. 448; Birmingham Union Ry. Co. v. Elyton Land Co., 114 Ala. 70, 21 So. 314; Ex parte Thomas, 113 Ala. 1, 6, 21 So. 369; State ex rel. Bragg v. Rogers, 107 Ala. 444, 19 So. 909, 32 L.R.A. 520; Gandy v. State, 86 Ala. 20, 5 So. 420; Falconer v. Robinson, 46 Ala. 340, 348; Lockhart v. City of Troy, 48 Ala. 579. In the last case cited (Lockhart v. City of Troy) it was held that a supplemental act was not an amendment within the constitutional prohibition. It is then said: 'A supplemental act merely adds something that was left out of the original act. It does not necessarily revise it or amend it in the more technical sense. An amendment is what may be incorporated into the original on its passage. A supplemental act is an independent law, and a healing act is one that cures some defect in a proceeding which the Legislature could have authorized in the first instance.' Other quotations might be indulged to the same effect, but these will suffice to show that this court is unqualifiedly committed to the proposition that an independent legislative act, complete within itself, inconsistent with other statutory provisions on the same subject, is not an amendment, but a repeal. This being the settled interpretation of the constitutional provision, the incorporation of the same language in the present Constitution must be regarded as an adoption of that interpretation.—Alford v. Hicks, 142 Ala. 355, 38 So. 752; White v. State, 134 Ala. 197, 32 So. 320.

\* \* \* \* \* \*

"Having shown that the recorder's court act was not an amendment of the charter act, within the meaning of the constitutional prohibition against amending municipal charters by local laws, it necessarily follows that the act repealing the recorder's court act, approved October 6th, 1903 (Loc.Acts 1903, p. 512), after the adoption of the present Constitution, is not offensive to that provision. It is true this act is a local one, but no objection is taken to its constitutionality upon any other ground than that it is violative of subsection 18 of section 104. \* \* \*"

But appellants contend that the above quoted portions from the Hubbard case have been overruled by implication by our holding in Opinion of the Justices, 264 Ala. 76, 84 So.2d 768. The Legislature proposed a local act which would permit the chief of police of Haleyville to be elected by the voters of the city, and fixed his salary. Tit. 37, § 406, Code 1940, which was part of the city's charter, provided that the chief of police would be selected and his salary set by the city council. We advised that the proposed act would violate Sec. 104, subd. 18 of our Constitution.

We think there are valid and real distinctions between the advisory opinion and the instant case. There, the office of police chief was to be made totally independent of the city council. Here, the Civil Service Act provides for qualifications and procedure for hiring and firing, but the chief of police is not independent of the city governing body. There, Haleyville was in a population classification which gave the city council the right to determine whether or not it would have a chief of police and the proposed act took that power away from the council. Here, there is no more interference with the council's power and authority than there was in the Yeilding case. There, the power to set the salary of the chief of police was taken from the council, while here,

**44**

the act does not deprive the council of that right.

We hold that the act, being original in form and substance and complete within itself and not being amendatory in character, does not contravene the provisions of subdivision 18 of Sec. 104 of the Constitution of 1901, and the judgment of the lower court is affirmed.

Affirmed.

LAWSON, STAKELY and COLEMAN, JJ., concur.