131 So.2d 861

**W. B. MIMS, Mayor of City Commission of Phenix City et al.,**

v.

**Douglas M. BLANTON.**

4 Div. 69.

Supreme Court of Alabama.

June 29, 1961.

J. Pelham Ferrell, Phenix City, for appellants.

STAKELY, Justice.

Roy H. Phillips and Geo. Dent Williams, Phenix City, for appellee.

W. B. Mims, James E. Putnam and John W. Barbee (appellants) are members of the Board of Commissioners of Phenix City, and Morris J. West (appellant) is the Chief of Police of that city. Douglas M. Blanton (appellee) has been employed as a policeman by the city and by virtue of the Civil Service Act pertaining to the city (Local Acts 1947, No. 15, p. 14), was under civil service status. On September 26, 1960, appellee was indefinitely suspended from the police force by appellant West and on that same day appellant West notified the Civil Service Board of the city of appellee's suspension and the reasons therefor. Written charges were filed against appellee with the Civil Service Board and appellant was on demand

granted a hearing before the Board. As a result of this hearing the Board placed appellee on a ninety-day suspension. On December 22, 1960 appellant Mims, acting as Mayor, notified appellee that he was dismissed from the City Police Department. On the expiration of the period of suspension, when appellee reported for duty at the Police Department, he was informed by appellant West that "the decision of the City Commission had been to fire him," and that he no longer had a job in the Phenix City Police Department.

On December 30, 1960 appellee filed in the Circuit Court of Russell County a petition for mandamus, naming the appellants as party respondents, asking that an alternative writ of mandamus issue to appellants requiring them to show cause why they should not be required to reinstate appellee to active duty status in the Police Department in accordance with the decision of the Civil Service Board. On that same day, pursuant to an order of the trial judge, the clerk issued a rule nisi wherein the appellants were required to reinstate the appellee to his former employment, or else appear before the court and show cause why they should not.

Appellants filed demurrers and answer and appellee demurred to the answer. There were subsequent pleadings and amendments to the pleadings and appellants' demurrer was overruled. Inasmuch as the case is submitted on a stipulation of facts and since the pleadings as such are not in issue, it will not be necessary to set them forth.

In substance the appellee, in the lower court, bases his petition for mandamus and his right to be reinstated to active duty status on the terms and provisions of the Civil Service Act. Appellants, on the other hand, contend that the Act is invalid and unconstitutional and that they, as commissioners, have plenary power to hire and discharge all employees of the city.

On January 31, 1961, the trial court rendered a final judgment upholding the legality and constitutionality of the Civil Service Act and issued a peremptory writ of mandamus requiring appellants to reinstate appellee to his former position as a policeman. From that judgment this appeal is taken.

Appellants' chief contention is that the Civil Service Act is unconstitutional under § 104(18), Constitution of 1901, which provides, in its material part, as follows:

"The legislature shall not pass a special private, or local law in any of the following cases:

"* * * (18) amending, confirming, or extending the charter of any private or municipal corporation, or remitting the forfeiture thereof; provided, this shall not prohibit the legislature from altering or rearranging the boundaries of the city, town, or village * * *."

There appears to be no dispute but that the Civil Service Act in question is a local law. Appellants point out that Title 37, §§ 35–88, Code of 1940, under which Phenix City is organized as a municipal corporation, are general laws, and that they constitute part of the charter of the city. Opinion of the Justices, 264 Ala. 76, 84 So. 2d 768; State ex rel. Britton v. Harris, 259 Ala. 368, 67 So.2d 26. Title 37, § 50, Code of 1940, provides that

"The commissioners shall have the authority to create all necessary offices and shall prescribe and may at any time change the power, duties and titles of all subordinate officers and employees of said city including the office of city recorder and all such officers and employees shall hold office and be removable at the pleasure of the board of commissioners."

On the other hand, the Civil Service Act makes provision for the employment and discharge of chiefs and employees of the police and fire departments of the city by a Civil Service Board created by the act in question. Local Acts 1947, No. 15, p. 14.

It is particularly provided therein that "no permanent employee or chief shall be removed or discharged except for cause, upon written charges filed with and decided upon by the board, and after an opportunity has been given him to face his accusers and to be heard in his own defense." It is appellants' position that the effect of this local act is to amend, confirm or extend the cited sections of Title 37, in violation of § 104 (18) of the Constitution.

In regard to this contention we quote from the able opinion of Judge James H. Caldwell in his final decree.

" * * * the question of whether or not it is within legislative competence to abridge the right of local self government of municipalities was answered in the case of Yielding [Yeilding] v. State [232 Ala. 292], 167 So. 580, (1935), wherein the court held in determining the right of the legislature to enact the Civil Service System for Jefferson County as follows:

" 'It must now be conceded that the great weight of authority denies in toto the existence, in absence of special constitutional provisions, of any inherent right of self-government which is beyond legislative control. The Supreme Court of United States has declared that a municipal corporation in the exercise of all its duties, including those most strictly local or internal, is but a department of the State. The legislature may give it all the powers such a being is capable of receiving, making it a miniature State, within its locality; or it may strip it of every power, leaving it a corporation in name only; and it may create and recreate these changes as often as it chooses, or it may itself exercise directly within the locality any or all the powers usually committed to a municipality.'

"It therefore follows that as stated above, in the absence of special constitutional provisions, the Local Act is entirely within the province of the Legislature and is not subject to challenge on the basis that it restricts the right of the municipal governing body and establishes a control over the selection or dismissal of its employees. It will be noted that Title 37, Sections 45 and 51 are identical in form at this time as they were at the time of the decision of the above quoted case and that Section 50 has been amended only in so far as the office of City Recorder is concerned. The decision of Yielding [Yeilding] v. State, supra, was to sustain the enactment of the Civil Service Law for Jefferson County. It will be further noted that this case was decided under the provisions of the Alabama Constitution of 1901.

"In defining the meaning of the terms 'amending', 'confirming or altering,' this court has said in State ex rel. Ganble v. Hubbard, [148 Ala. 391], 41 So. 903, as follows:

" 'It will be observed that no reference whatever is made in this Act to the charter act. It does not assume in terms to revise, alter or amend that act, or any section of it. The act itself is complete and its meaning and scope plain and apparent. While its effect was to alter or change to a certain extent an existing power conferred on the mayor, that effect was produced by the later act, repealing pro tanto, by implication, the section of the charter act which conferred it, and not by anything on its face evincing that it was of an amendatory character. In other words, it is an independent act of legislation, and repeals by necessary implication because inconsistent with that provision of the charter act conferring jurisdiction on the mayor. To this extent, and only to this extent, did it change or alter that Act. A repeal is one thing, and an amendment is quite another different thing. A repeal of a statute involves necessarily a change in the law; and this is true, whether it be the only statutory enactment on the subject dealt with in the repealed act. Would any one contend

that a statute in derogation of the common law was an amendment of it, simply because it altered or changed it? We think not. If not, it cannot be asserted with any show of logic, that because an independent act, full and complete within itself, repeals by implication any portion of a statutory system, it is amendatory of the remaining statutes of that system, to which no reference is made. It is undoubtedly true that such an act alters or changes the system, but this change or alteration is and must be ascribed to the repeal wrought by the independent act, and not to the change or alteration consequent upon the repeal. So, also, an amendment involves some change or alteration in the existing statute law, and may also operate as a repeal of some of its provisions; but such change or alteration made by the amendment is direct and not consequential, as is the case of a repeal, and therefore the difference between the two is plain. There is also another marked difference. An amendment may not, and often does not, operate as a repeal, but merely as an addition to the statute of which it is amendatory. This can never be the effect or operation of a repealing statute, whether the repeal be by implication or be direct. A repeal is properly defined to be "the abrogation or destruction of a law by a legislative act." Amendment in legislation is "an alteration or change of something proposed in a bill or established law." '

"The Act herein challenged creating the Civil Service Board for Phenix City is such an act, complete within itself, of independent subject matter, and does not amend, alter or extend the charter of the City. The corporate powers were neither enlarged nor diminished by it. No offices have been created by the act nor have any been abolished. Only the procedural method of selection and dismissal has been touched by this act. The duties of the employee have neither been enlarged nor diminished as the City retains the complete administrative and executive control over each employee subject to the act.

"In the recent case of State of Alabama, ex rel. Ed Howard v. W. M. Cole, et al. [269 Ala. 39], 110 So.2d 273 (1959), the court ruled in construing the Civil Service Act for the City of Sylacauga that (1) the Act was a Local Act and (2) that the act did not run counter to paragraph 18 of Section 104 of the Alabama Constitution. This court has by this case held that it is within the province of the legislature to enact local laws to establish Civil Service Systems within the municipalities of the State of Alabama without violating the constitutional provisions of general laws relative to paragraph 18, Section 104 of the Constitution. The act for the City of Sylacauga limited in greater degree the governing body of the City [in] its control over selection and dismissal than does the instant act in that such act did apply to all employees of that city rather than only two departments thereof. The contention of the defendants herein that because the Act for Phenix City did not go as far in its limitation of the governing body as to criminal penalties, additional employees of the City omitted (and even the Sylacauga Act excludes a number of employees from its benefits, viz. common laborers) is without merit. Broad scope is allowed to the Legislature in its selection of laws and it is within the province of such body to determine the criminal violations of State Law. Many boards, commissions and other regulatory bodies are created, their duties defined, and for which no specific punishment is set forth in the enactment for a violation thereof of its provisions. No statute or constitutional provision requires such to be done."

We think the quoted excerpt from Judge Caldwell's decree sufficient to show that this case is distinguishable from Opinion of the Justices, 264 Ala. 76, 84 So.2d 768, 770. There we regarded as violative of § 104(18) of the Constitution a proposed local act to provide for the election of a chief of police

for the municipality of Haleyville, to prescribe his powers and duties, regulate his compensation, and provide for the appointment of his assistants and regulate their compensation. We pointed out that Title 37, § 406, Code of 1940 "gives to the municipal governing body the authority, in the first instance, to determine whether there shall be an officer designated chief of police, and, if such officer is provided for, the further authority to determine his salary, the manner of his election and his term of office. The proposed Act takes away this authority and, in so doing, effectively amends Section 406 * * * in violation of * * *" § 104(18) of the Constitution. As the trial court has pointed out and we have quoted, in this case "The corporate powers were neither enlarged nor diminished by * * * [the Civil Service Act]. No offices have been created by the act nor have any been abolished. Only the procedural method of selection and dismissal have (sic) been touched by this act. The duties of the employee have neither been enlarged nor diminished as the City retains the complete administrative and executive control over each employee subject to the act."

Similarly distinguishable is State ex rel. Britton v. Harris, supra. We there pointed out, holding repugnant to § 104(18) of the Constitution the local law there in question, that "Under section 41 of Title 37, Code, three commissioners are elected for such service. The Act, here in question while not amendatory in form provides for five commissioners, and contains other provisions different from those specified in the Code sections, supra, and readopts many of them. It has the effect of amending these sections to the extent that they conflict with the Act. It expressly repeals all laws in conflict with it." [259 Ala. 368, 67 So.2d 30.] No such sweeping or fundamental changes are brought about by the Civil Service Act now under consideration.

Appellants further contend that the Civil Service Act violates § 22 of the Constitution of 1901, which provides "That no ex post

facto law, nor any law, impairing the obligations of contracts, or making any irrevocable or exclusive grants of special privileges or immunities, shall be passed by the legislature; and every grant or franchise, privilege, or immunity shall forever remain subject to revocation, alteration, or amendment." Appellants contend that the Civil Service Act is repugnant to this section of the Constitution in that it grants to the members of the police and fire departments of Phenix City "privileges and immunities" not afforded other city employees. We do not think this position tenable.

In City of Bessemer v. Birmingham Electric Co., 248 Ala. 345, 27 So.2d 565, 574, this court upheld as against the similar "privileges and immunities" clause of the Constitution of 1875, art. 1, § 23, a grant to a corporation of a franchise for construction and maintenance of an electric light plant and the necessary poles. In that case this court said that "under the authorities a grant of 'special privileges' appears to have reference to a grant of 'exclusive privileges', such as monopolies. Since the grant of April 15, 1890, was not in any sense exclusive and a similar grant could be made to others, there was no violation of the aforesaid constitutional provision." "A special privilege in constitutional law," we said, quoting, " 'is a right, power, franchise, immunity, or privilege granted to, or vested in, a person or class of persons to the exclusion of others, in derogation of common right.' " In the instant case any grant of "privileges" to the members of the police and fire departments is in no way exclusive or irrevocable: it could be withdrawn or could be extended to other employees of the city at the will of the legislature. There is no derogation of the rights of those not within the scope of the Act. Accordingly, the Civil Service Act does not violate § 22 of the Constitution.

Similarly, appellants contend that the Act violates § 104(9) of the Constitution, which prohibits the legislature's "exempting any

individual, corporation, or association from the operation of the general law," in that members of the fire and police departments are "exempted" from the statutory authority of the city commissioners to hire and discharge, under Title 37, §§ 45, 50, and 51. It is sufficient to point out that the Local Act operates only with reference to police and fire employees as a class and confers no rights upon such employees as individuals. Thus it cannot be said that the Act suspends the general law for the benefit of any individual, or exempts any individual from the operation of the general law. Beyer v. National Building & Loan Association, 131 Ala. 369, 31 So. 113; Opinion of the Justices, 259 Ala. 329, 66 So.2d 779.

■ Appellants contend that the Civil Service Act should be held void for reasons of public policy. Appellants' argument in this regard is two-fold. First, appellants contend that while civil service acts generally "were primarily designed to remove capable, efficient, and honest public employees from beyond the realm and domination of partisan politics," this particular act "violates the above quoted rule of public policy in that it provides that vacancies on the Civil Service Board shall be filled by the governor upon nominations received by him from the two Russell County Legislators and the Senator from the 27th Senatorial District." Appellants then ask this court to take judicial notice that such appointments are in practice "influenced and affected by partisan political considerations." Secondly, appellants contend that it "is not fair and just to permit two county representatives and a senator from another county to have exclusive control over appointments to a Board that is concerned with City affairs only. Justice requires that some City representative, or representatives, should at least have a vote on or some method of control over, appointments of the Civil Service Board members."

Assuming these contentions are correct, they bring into question only the wisdom or desirability of the Civil Service Act. That question is one for legislative, not judicial, determination.

■ Appellants contend, in substance, that the Civil Service Act is void because uncertain and unworkable in that it fails to supply detailed means of effective enforcement and administration. "It is settled that a court is empowered to declare legislative enactments inoperative and void for uncertainty in meaning where they are so incomplete, so conflicting, or so vague and indefinite that the court is unable, by the application of the accepted rules of construction, to determine what the legislature intended." Marshall County Board of Education v. State, 252 Ala. 547, 42 So.2d 24, 26; Opinion of the Justices, 249 Ala. 88, 30 So.2d 14. Appellants in brief supply a number of imagined instances wherein, they contend, the provisions of the Civil Service Act would prove inadequate to the needs of the occasion. For example, they point out that there is no provision for an alternative method of filling vacancies on the Civil Service Board in the event that the legislative delegation empowered to make such appointments fails to agree on new appointments. But we do not think that the speculative possibility that such circumstances might arise is sufficient to render the Act so incomplete, conflicting or indefinite "that the court is unable * * * to determine what the legislature intended." It is fair to say that there are few enactments on our statute books for which imaginative counsel could not conceive at least one exigency for which the legislature has not provided.

Appellants also urge in effect that there is no provision for the resolution of conflicts between the Civil Service Board and the City Board of Commissioners and for enforcement of the Act. As the trial judge has well pointed out, the existence of "the instant proceeding suffices to show the fallacy of such contention."

We conclude that the decree of the lower court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.