JONES, Justice.
This is an annexation case involving Limestone County and the municipalities of Huntsville, Decatur, Madison, and Athens. Limestone County appeals from a judgment in favor of the municipalities declaring valid all of the challenged annexations except two annexations made by Decatur and three annexations made by Athens. The City of Madison cross-appeals, attacking that portion of the judgment that also declared valid an annexation by the City of Athens.[1] We affirm the trial court’s judgment as to the annexations by Huntsville, Madison, and Decatur; however, we reverse that part of the judgment holding that the annexation by Athens was valid.
Because the trial court’s opinion contains a complete statement of the proceedings, the facts, the issues, and the holdings made the basis for this appeal, we set out the pertinent portions of the trial court’s judgment:
“This is a petition by Limestone County, Alabama, and Bernard Clark for a declaratory judgment that certain ordinances adopted by the cities of Huntsville, Decatur, and Madison, Alabama, annexing lands located in Limestone County be declared invalid. The City of Madison, Alabama, by [a third-party complaint,] joined the City of Athens, Alabama, and likewise seeks to declare a series of annexation ordinances by the City of Athens invalid. Additionally, the Defendants, the cities of Huntsville, Decatur, and Madison, seek to have declared invalid Act No. 86-394 of the Alabama Legislature, Regular Session 1986, effective April 28, 1986, which prohibits municipalities, whose corporate limits are not wholly within Limestone County, from annexing lands located in Limestone County without the consent of the Limestone County Commission.
“Thus, this action concerns annexations by four different cities. The City of Athens is the county seat of Limestone County. Prior to the annexations, the cities of Huntsville and Madison did not extend beyond the boundaries of Madison County and the City of Decatur did not extend beyond the boundaries of Morgan County. No statute or decision has been cited which prohibits a municipality from extending its borders into an adjoining county. Annexations do not, in any way, alter the county or its boundary lines in that the county boundary lines remain the same as before an annexation, but the corporate limits of a municipality are merely extended into the county. Thus, property within the borders of a city is still part of the county and subject to county taxes, the jurisdiction of the county’s sheriff’s department, and other related matters. The process of annexation is not a process of taking away from the county, but merely of adding to the municipal governing area.
“In general, the areas annexed, which are shown by the annexation ordinances and the maps introduced into evidence, are as follows: The City of Athens, Alabama, annexed approximately nine miles along U.S. Highway 72 east of Athens with three areas extending off the highway and several other annexations into the southern portion of the county, south of the City of Athens; the City of Decatur extended its boundaries across the Keller Memorial Bridge and the causeway extending north across the Tennessee River and Wheeler Lake into an area along the south bound *757 ary of Limestone County; the City of Madison extended its borders across the east boundary of Limestone County; the City of Huntsville annexed a large area of land along the north boundary of Wheeler Lake and extending north thereof both east and west of the Huntsville International Jetport. All the annexations in question were brought about as a result of petitions of the landowners and the subsequent adoption of an ordinance of annexation by the municipality as provided for by statute. The areas in question are sparsely populated. However, as regards the City of Decatur, the annexations are adjacent to, but do not include, Calhoun Community College, the Saginaw Steering Gear Division Plant of General Motors, and an area to the west of U.S. Highway 31 north of this area.
“Beginning in March of 1986, the cities concerned began the adoption of a series of ordinances annexing the areas in question. The area to the east of U.S. Highway 31 in Limestone County has been viewed by civic leaders and planners as an area of high potential growth. A spur to Interstate 65 (designated 1-565) is presently under construction and will connect the City of Huntsville with Interstate 65 in south Limestone County and extend in a general northeast direction adjacent to the Jetplex and through and near several industrial areas located in Madison County. The area adjacent to the airport has been one of tremendous growth within the past several years with the location of numerous industries showing high potential for future growth and employment. It should be noted that the City of Huntsville is blocked in its future growth in an easterly direction by the location of Redstone Arsenal, which as a federal reserve is not subject to development, and it is anticipated that the area in south Limestone County will develop at a rapid pace for both industrial and residential purposes.
“It should be noted further that the area along U.S. Highway 72 between the cities of Athens, Madison, and Huntsville has developed rapidly in recent years and the proximity of the eastern portion of Limestone County, between Athens and Madison, to this area of rapid industrial growth would indicate that eastern Limestone County will continue its rapid growth. In recent months, the National Aeronautics and Space Administration has announced the awarding of a contract for the building of a space station to the Boeing Company, which has announced that a large portion of the work will be done at a site in southern Madison County. Madison County has been an area of rapid growth, particularly in regard to new industry and business. In recent years, the population of the City of Madison has increased from approximately 3,000 to 12,000 persons. Thus, the area is one of rapid growth and the cities have shown an interest in controlling this growth and fostering its growth by the use of zoning and the offering of municipal services such as utilities, sewage, and police and fire protection.
“The Plaintiffs object to the annexations by the City of Madison by Ordinances 86-25 and 86-29 as being invalid since they were adopted without the permission of the Limestone County Commission as required by Act No. 86-394, the 1986 Legislature. The City of Madison and the cities of Decatur and Huntsville contend that Act No. 86-394 is unconstitutional. It is admitted that the ordinances of the City of Madison, 86-25 and 86-29, were passed without the permission of the Limestone County Commission. Also, a justiciable controversy exists between the Plaintiffs and the cities of Huntsville and Decatur since this Act would affect their right to make future annexations. The Defendants contend that Act No. 86-394 of the Alabama Legislature is unconstitutional [because, among other grounds,] it is an amendment to the cities’ charters....
“Article IV, § 104(18) of the Alabama Constitution, prohibits the legislature from passing special, private, or local laws which amend, confirm, or extend the charter of any private or municipal corporation or remit the forfeiture thereof; provided, that the legislature is not prohibited from altering or rearranging the boundaries of a city, town, or village. The Act in question is clearly a local law in that it is a law which applies to a political subdivision of the *758 state. (See § 110 of the Constitution.) The general laws of the state become the charter of individual cities. (See State ex rel. Britton v. Harris, 259 Ala. 368, 67 So.2d 26 (1953).) The general laws of the state which regulate municipalities are part of the charters of the cities. Ala.Code 1975, Chapter 42, sets out three methods of annexation which, under the foregoing theory, are part of the charters of the cities of Decatur, Madison, and Huntsville. Thus, being part of the city charters, these provisions, though they may be repealed, may not be amended.
“The inquiry is whether a given Act is ‘a repeal’ or ‘an amendment’ to the city charter. An Act which affects the powers of a city by enlarging or abridging them or applying them to new subjects or authorizing their exercise on new occasions or in new modes and forms is an amendment. In an Opinion of the Justices No. 151, 264 Ala. 76, 84 So.2d 768 (1956), the Justices held that an Act providing for the election of the police chief for the City of Haleyville was a local law amending the city charter in violation of the Constitution when the matter of selecting the chief of police was governed by statute and was, therefore, incorporated into the city’s charter. The Justices held that the proposed Act would take away the right of the municipal governing body to select its police chief as provided by a prior statute. The Justices-concluded that the proposed Act would amend the city’s charter and is, therefore, impermissible. Here, the Act in question is not a repeal in that it does not do away with the existing law, but merely alters or changes something now existing in an established law. The Act in question clearly alters or limits the statutory rights and powers of the municipalities, and, therefore, is an amendment because it does not abolish what exists but merely seeks to alter it. It does not purport to repeal Chapter 42 of the Code, but modify it. Thus, Act No. 86-394 violates § 104(18) of the Alabama Constitution of 1901 and, therefore, is unconstitutional.
[[Image here]]
“The Plaintiffs challenge the validity of the annexations by the City of Huntsville on the following grounds:
“(1) Violation of the mandate of Act No. 253 of the 1965 Legislature that Huntsville’s police jurisdiction would not encroach into Limestone County;
“(2) Violation of the equidistant rule (§§ 11-42-21 and -22);
“(3) Lack of contiguity, although they all touch; and
“(4) Unreasonable.
“Act No. 253, Regular Session, 1965, annexed the property commonly known as the ‘Jetplex’ property into the City of Huntsville. This property is bounded to the west by the eastern boundary of Limestone County. Section 2 of the Act provides that Huntsville’s police jurisdiction ‘shall not be extended by this enactment’ to any territory in Limestone County. (Emphasis added.) The language ‘by this enactment’ implicitly suggests that Huntsville may extend its police jurisdiction into Limestone County by another enactment. Huntsville did not rely on Act No. 253 when it annexed territory in Limestone County. Additionally, to interpret Act No. -253 as a limitation on Huntsville’s exercise of police jurisdiction would violate Article IV, § 104(18) of the Constitution of Alabama of 1901. Therefore, Act No. 253 in no way prohibits Huntsville from annexing territory in Limestone County by any other enactment.
“As to the equidistant rule, Ala.Code 1975, § 11-42-21, prohibits annexing property which lies within the corporate limits or police jurisdiction of any other municipality. This section provides for the filing of a petition for annexation by property owners and the adoption of the annexation ordinance by the municipality’s governing body. It further provides for allowing annexations of property within the overlapping police jurisdictions of two municipalities ‘to a boundary which is equidistant from the respective corporate limits of each of such incorporated municipalities which have overlapping police jurisdictions.... ’ Section 11-42-22 provides, ‘Any incorporated municipality having extended its corpo *759 rate limits under the provisions of this article or any other law may again extend its corporate limits under this article or under any other law authorizing an extension of the corporate limits by such incorporated municipality.’
“Plaintiffs contend that the literal interpretation of this statute would mean that, by the petition method, a municipality could extend toward another municipality by one-half of the distance between them repeatedly and never actually touch the other line. Plaintiffs suggest an interpretation whereby, once an equidistant line has been drawn, either municipality could advance only to the point so established. It is noted that the legislative expression of authority is not limited by any provisions or restrictions as to time. However, the statute is not ambiguous in its wording and it must be interpreted in accordance with its plain meaning. Thus, the Court finds that the literal meaning of the statute is to be applied and that, after an equidistant line is established between municipalities with overlapping police jurisdictions, the municipalities may again extend the corporate limits. Therefore, the Huntsville annexations are not barred for violation of the equidistant rule.
“Plaintiffs allege that certain annexations by the City of Huntsville fail for lack of contiguity, even though the property annexed touches the corporate limits. This subject [is] covered in the court’s discussion of the Madison annexations and the court [has] concluded that a touching at some point is sufficient to meet the contiguity requirement of § 11-42-21. Therefore, the Huntsville annexations are not barred for lack of contiguity.
“Plaintiffs further argue that the annexations by the City of Huntsville are unreasonable. It is true that when a municipality draws its boundaries so as to exclude certain inhabitants its actions will be subject to judicial review. See City of Birmingham v. Mead Corp., 372 So.2d 825 (Ala.1979). However, the boundaries created in the Huntsville annexations were the result of the petitions of the landowners involved and there is no question concerning the exclusion of electors. Further, there is no requirement that the annexed territory be regular in shape. Therefore, the existence of ‘islands’ of unincorporated territory does not make the Huntsville annexations unreasonable.
“The court finds that Huntsville’s use of the petition method of annexation is not unreasonable nor an abuse of the petition method. The law does not require that municipal boundaries form a regular shape so long as there is oneness and a community of interest in the area annexed. As the facts show, Huntsville has a legitimate interest in protecting the area annexed. The area is one where the facts show that there is likely to be a high rate of development in the next few years and these facts create a community of interest in the area that makes the results reasonable.
“It is, therefore, ORDERED, ADJUDGED, AND DECREED by the court that the Plaintiffs’ petition to declare the annexations by the City of Huntsville invalid be and [it] hereby is denied.
“The Plaintiffs object to the annexations by the City of Madison, by Ordinances 86-21, 86-25, and 86-29, on the ground that the Minutes do not reflect that the Ordinances were read prior to being adopted as required by statute. Plaintiffs also object that Ordinances 86-21 and 86-25 were adopted at adjourned meetings and that Ordinance 86-21 was passed at an adjourned meeting while publication of the Ordinance shows that it was adopted at a regular meeting.
“Ala.Code 1975, § 11-44-126, provides for regular meetings of the commission and requires that ‘the affirmative vote of a majority of the commissioners shall be necessary and sufficient for the passage of any resolution or ordinance, for the transaction of any business of any sort by the board and for the exercise of any of the powers conferred upon the board by the terms of this article.... ’ Thus, under this statute, an adjournment must be approved by the affirmative vote of a majority of the commissioners. Here, Ordinance 86-21 was adopted at a meeting adjourned from the regular meeting of April 15. The Min *760 utes of the April 15 meeting reflect that ‘Mayor Wilbanks declared the meeting adjourned at 7:45 P.M. on April 15,1986, until Friday, April 18, 1986, at 1:00 P.M.’ Ordinance 86-25 was adopted on May 2, 1986, at an adjourned meeting from the regular meeting of April 29, 1986. The Minutes of the April 29, 1986, mee ring reflect that ‘there being no further business, Mayor Wilbanks moved to adjourn the meeting at 7:35 P.M. and to reconvene May 2, 1986, at 1:00 P.M.’
“Section 11-44-126 provides that the affirmative vote of the majority of the commissioners shall be necessary in order to transact any sort of business but has no requirement that the affirmative vote shall appear in the Minutes. There is no evidence of any objection to the adjournment and there is no indication of any controversy surrounding it. There has been no claim that anyone objected to the adjourned meeting when it commenced or that the question of the validity of the meeting was raised by any of the commissioners. All commissioners were present and voted in favor of the ordinance. Therefore, there is no evidence to support the proposition that the ordinances were passed at an ‘illegal’ meeting.
“The Plaintiffs also object that the ordinances were not read prior to their passage as required by statute. Such a statutory provision is directory in nature rather than mandatory. This provision is merely for the benefit of the commission and the failure to heed such a directive does not invalidate the city’s ordinance. Likewise, an incorrect labeling of the meeting as a ‘regular’ meeting rather than an ‘adjourned’ meeting at the time of publication is not sufficient to invalidate an otherwise valid ordinance.
“In a similar procedural attack, the Plaintiffs object to the Madison annexation as not being signed by all of the landowners. Plaintiffs do not contend that all of the landowners did not sign the petition for annexation. Rather, they object that the names on the petition for annexation and those shown on the tax records are not the same. It appears that the undisputed evidence shows that the persons signing the petition were, in fact, the owners of the land. Therefore, the provisions of the names contained in the tax records are irrelevant.
“Additionally, Plaintiffs allege that the land annexed by Ordinance 86-25 is not contiguous to the corporate limits of the City of Madison. Plaintiffs argue that the annexed property touches only at corners, that is, point to point, and that there is insufficient touching to be contiguous as required by law. Under Alabama law, a touching at any point is sufficient to provide contiguity and there is no requirement that there be a substantial boundary. Thus, the annexations by the City of Madison do not violate the rule requiring contiguity.
“Therefore, the court concludes that the annexations by the City of Madison meet the requirements of law and are not in violation of statutory law and there are no violations that would make them invalid.
“It is, therefore, ORDERED, ADJUDGED, AND DECREED by the court that the petition by Plaintiffs to declare invalid the annexations by the City of Madison is hereby denied.
“As to the annexations by the City of Decatur, Plaintiffs object on the grounds that the annexations:
“(1) violate the equidistant rule (§§ 11-42-21 and -22);
“(2) used the petition method without getting the signatures of all the landowners;
“(3) lack contiguity; and
“(4) are unreasonable ‘long lasso’ annexations under the theory of City of Fultondale v. City of Birmingham, 507 So.2d 489 (Ala.1987).
“As to the equidistant rule, this subject has been covered in the court's discussion of the Huntsville annexations. The court concluded that §§ 11-42-21 and -22 are not ambiguous and must be interpreted in accordance with their plain meaning. Thus, once an equidistant line is established between municipalities with overlapping police jurisdictions, a municipality may extend *761 its corporate limits to that line. If it again wants to extend its corporate limits, a new equidistant line must be drawn and it may extend its corporate limits to the new equidistant line. There is no limitation on the number of times a municipality may extend its corporate limits by this method. Therefore, the Decatur annexations are not barred for violation of the equidistant rule.
“As to the issue that the annexation petitions were not signed by all the landowners, there was evidence that the property, designated as Lots 1 and 2 of Hunter Subdivision in annexation Ordinance 86-257, City of Decatur, was assessed in the name of Judy T. Peebles. The evidence further revealed that the records in the Probate Office of Limestone County showed Judy T. Peebles to own an undivided one-half interest in these lots. However, the proof further shows that the parties had agreed that the interest of Judy T. Peebles would be conveyed to F.D. Peebles, who did sign the annexation petition. At no time did Judy T. Peebles exert any claim to the land and equitable title to the property was solely in the name of F.D. Peebles. However, the legal title to the property had not yet been conformed to the agreement of the parties. Section 11-42-20 provides that the term 'owner’ shall mean ‘the person in whose name the property is assessed for ad valorem tax purposes in the absence of proof to the contrary.’ Here, proof to the contrary is found in the court’s determination that Judy T. Peebles was not an owner of the land in question and did not own any interest in the land or exert any claim to its title. The annexation petition was signed by F.D. Peebles, who was, in fact, the owner of the property in question. Therefore, the court finds that the petition was in fact signed by all the landowners.
“As to the issues of unreasonableness and lack of contiguity, the facts before this court require that the series of annexation ordinances passed by the City of Decatur be reviewed as two distinct annexations. The annexations which were adopted in Ordinances 86-2572 and 86-2573 comprise what is now the northernmost territory in the corporate limits of the City of Decatur. This territory is contiguous to the City of Decatur only by virtue of Decatur’s annexation of a section of U.S. Highway 31 which connects the territory in question to the territory just north of Wheeler Lake which was annexed in .a series of sixteen annexations. The territory just north of Wheeler Lake must be considered separately from the northernmost annexations because of the unique factual situation it presents. It is noted that all of the annexations by the City of Decatur were accomplished after the Alabama Supreme Court upheld the validity of ‘long lasso’ annexations in City of Tuskegee v. Lacey, 486 So.2d 393 (Ala.1985), and before the Ful-tondale Court held ‘long lasso’ annexations to be unreasonable and invalid.
“The evidence shows that the annexation just north of Wheeler Lake extends along the route of U.S. Highway 31 from the south bank of the Tennessee River and Wheeler Lake, across a bridge and causeway over the Tennessee River and Wheeler Lake, for approximately two miles to the north shore of Wheeler Lake. The short distance involved and the barrier presented by the river create an entirely different factual situation than that presented in Fultondale. Here, an additional fact is presented in that the Tennessee Valley Authority reserves the right to flood along the north boundary of the lake in Limestone County and, therefore, building in this area is impractical and prohibited. Also, a portion of the land was transferred by the TVA to the Department of the Interior for a refuge program, making the southernmost portion of Limestone County in the area of [the] bridge and causeway outside the jurisdiction of any local government to regulate.
“Thus the use of the land lying north of Wheeler Lake creates a factual situation that is unique. Therefore, due to the unique factual and legal considerations present, the court finds that Decatur’s annexation of the area just north of Wheeler Lake is not a ‘long lasso’ type annexation and does not violate the rule of contiguity. [See Johnson v. Rice, 551 So.2d 940 (Ala.1989).] Indeed, the City of Decatur has shown a legitimate interest in the area. *762 The city has a sixteen-inch water line which crosses the river and [the city] sells water to the Limestone County Water Authority. The City of Decatur has shown the ability to provide water and fire protection to the area. Although not covered by the annexations, Calhoun Community College and the Saginaw Steering Gear Plant are located within the area.
[At this point, the trial court held that the northernmost annexation by the City of Decatur was void as missing the requisite element of contiguity. Because this issue is not raised on appeal, we omit this portion of the judgment.]
“It is, therefore, ORDERED, ADJUDGED, AND DECREED by the court that Plaintiffs’ petition to declare invalid the annexations by the City of Decatur is hereby granted in regard to the northernmost annexations under Ordinances 86-2572 and 86-2573 but is denied as to all other annexations by the City of Decatur.
“The City of Madison seeks to void the annexations by the City, of Athens on the ground that the annexations are unreasonable ‘long lasso’ annexations, which would be a potential bar to further annexations by the City of Madison. Only those annexations which extend east of the prior corporate limits of the City of Athens are geographically located so as to present a barrier to future annexations by the City of Madison and only these annexations are subject to review in this case.
“The Alabama Supreme Court held that the ‘long lasso’ method of annexation was a valid means by which a municipality could annex land in Tuskegee. However, two years later, the Court rejected the ‘long lasso’ method of annexation in Fultondale. Thus, in the two-year period from 1985 to 1987, during which Athens annexed the areas in question, the latest pronouncement of the Alabama Supreme Court was the Tuskegee decision that upheld the validity of the ‘long lasso’ method of annexation. In overruling the Tuskegee decision, the Fultondale Court failed to direct whether the holding was to be applied retroactively or prospectively. Therefore, the question of retroactive/prospective application of the Fultondale decision is largely a matter of judicial discretion which requires careful consideration of the facts.
“The annexations which extend east of the former Athens corporate limits are along two separate corridors and these annexations are reviewed as two distinct annexations. One follows a corridor along Huntsville-Browns Ferry Road and the other follows a corridor along U.S. Highway 72. The Huntsville-Browns Ferry Road annexation is a lasso type annexation which stems from the southeast corner of the former corporate limits of the City of Athens. The U.S. Highway 72 annexation is a lasso type annexation which stems from the eastern side of the heart of the city.
“The U.S. Highway 72 annexation is along a corridor of rapid growth and includes the major east-west thoroughfare through the City of Athens. Here, the lasso is approximately nine miles long, substantially less than the fourteen-mile corridor in the Tuskegee case. The Athens police have been patrolling the area since its annexation into the city. Additionally, Don Lauderdale, a landowner along the corridor whose property was annexed into the city, has invested $125,000 in developing a subdivision on his property, relying on the annexation by the City of Athens so as to allow potential homeowners to benefit from city services, including the city schools. Therefore, to apply the Fultondale decision retroactively to the U.S. Highway 72 annexations would result in unjust harm to landowners who acted in good faith reliance on the Tuskegee decision. Thus, the court refuses to . apply retroactively the Fultondale ruling to the U.S. Highway 72 annexations.
“[At this point, the trial court held the Browns Ferry Road annexation by the City of Athens to be void as violative of the ‘long lasso’ restriction. Because this issue is not raised on appeal, we omit this portion of the trial court’s judgment.]
“It is, therefore, ORDERED, ADJUDGED, AND DECREED by the court that the Huntsville-Browns Ferry Road annexations by the City of Athens under Or *763 dinances 86-938, 96-941, and 86-944 are declared void and all other annexations by the City of Athens are declared valid.
“Dated this 3rd day of August, 1988.
“/s/ Henry W. Blizzard “CIRCUIT JUDGE”
Consistent with our holding in City of Fultondale v. City of Birmingham, 507 So.2d 489 (Ala.1987), made retroactive by our subsequent holding in City of Birmingham v. Blount County, 533 So.2d 534 (Ala.1988), we reverse that portion of the judgment holding the “long lasso” annexation by the City of Athens to be valid, and we render a judgment declaring invalid the annexation of all properties by the City of Athens along the nine-mile corridor of U.S. Highway 72. In all other respects, we find no basis for reversal; thus, with the exception noted, the judgment is hereby affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND JUDGMENT RENDERED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.
STEAGALL, J., concurs specially.

. Neither Decatur nor Athens appeals from that part of the judgment adverse to them.