COBB, Judge.
On June 8, 1995, the appellant, Eddie Ray Hodges, was charged with driving on a public *817 highway while his license was revoked and with driving under the influence (“DUI”). He was sentenced to 12 months’ hard labor plus an additional 6 months’ hard labor, both sentences to run concurrently, and he was ordered to pay $1500 in fines and court costs. The appellant asserts that by enacting Act No. 94-652, the “Alabama Boating Safety Reform Act of 1994”, Ala.Acts 1994 (“the Act”), the legislature has repealed the existing statute, § 32-5A-191, which deals exclusively with DUI as that offense relates to automobiles or other vehicles. The appellant’s argument is without merit.
The only offered basis for appellant’s contention that § 32-5A-191 has effectively been repealed is that “it is not arguable ... that the legislature of this state has always treated the endangerment to citizens by those operating motor contrivances on the land and on the waterways of this state while under the influence of alcohol or other drugs with equal and the very same severity and rigorousness.” (Appellant’s brief, p. 4.) The appellant cites §§ 33-5-24, 35-5-70 (although he intended to cite 33-5-70), and 33-5-75, Code of Alabama 1975, (which he contends, but we do not concede, was amended by Section 24 of the Acts) for support.
Contrary to the appellant’s assertion, the penalty provisions for vehicular DUI and for boating DUI have not traditionally been parallel. As a matter of fact, one stated purpose of the Act was to create for boating DUI offenses “... certain fines and penalties, parallel to the fines, penalties, and punishment for operating a motor vehicle on the public highways under the influence.” (emphasis added.) The legislature clearly stated that the penalty provisions of the boating and of the vehicular DUI statutes were not parallel ■until the passage of the Act. Further, the appellant mistakenly cites the former boating DUI penalty provision, § 33-5-24, as one of the provisions amended by the Act; this provision was repealed by the Act.
Section 33-5-24 serves an important purpose, but not in support of appellant’s arguments. That former penalty provision demonstrates that the penalties for vehicular DUI and boating DUI have not traditionally been parallel. For example, § 33-5-24(e) and (d) allowed first time penalties for boating DUI of up to only $500 and/or 6 months’ imprisonment, with suspension and then revocation of the owner’s certificate or registration for subsequent offenses. The penalties provided for first-time vehicular DUI offenders that were in effect at the same time as § 33-5-24(c) and (d) were far more severe, allowing fines up to $1000, imprisonment up to one year, and suspension of the offender’s driver’s license for 90 days, and requiring the convicted person to complete a DUI course. See, § 32-5A-191 Ala.Code 1975 (before the 1994 amendment). Subsequent offenses offered far harsher punishment, including possible sentences to hard labor. These two former penalty provisions can hardly be called “equal and the very same.” (Appellant’s brief, p. 4.)
This court could better address the concerns of the appellant had the appellant devised an argument with a clearer basis in the law. The appellant seems to say that the penalty provisions of the statutes in question somehow create a conflict like the one discussed in State ex rel. Howard v. Cole, 269 Ala. 39, 110 So.2d 273 (1959). The Alabama Supreme Court in Howard held that “... an independent legislative act, complete within itself, inconsistent with other statutory provisions on the same subject, is not an amendment, but a repeal.” Howard, 110 So.2d at 276. Clearly no such inconsistency exists in this case. It appears that the appellant’s only argument for repeal is that the two provisions in question were once similar and are now divergent. However, even if the penalty provisions of § 32-5A-191 and § 33-5-24 were once similar (which we do not concede) and were later amended to differ, that amendment would not repeal either statute, and would certainly not act as a repeal solely for the reason the appellant offers. For a discussion of legislative intent regarding the Act, see this court’s opinion in Daugherty v. Town of Silverhill, 672 So.2d 813 (Ala.Crim.App.1995), released today.
The appellant fails to cite any legal authority for his position, but relies strictly upon *818 his interpretation of these statutes. His interpretation is clearly incorrect. One of the statutes he cites in support of his interpretation was repealed by the Act. Further, his reading of the penalty provisions of the two statutes in question as they existed before the effective date of the Act is flawed, because he incorrectly states that these provisions have traditionally paralleled each other. Because this contention is his only contention, and it is incorrect, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.