Members of the House of Representatives
State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
On March 13, 1980, the Honorable John W. Pemberton, Clerk, House of Representatives, forwarded to this Court a copy of House Resolution 110, which requests that the Justices of this Court render an advisory opinion on certain constitutional questions pertaining to House Bill 411. That bill basically provides for the annexation of certain territory to the City of Hoover and contains the following substantive provisions:
A BILL TO BE ENTITLED AN ACT
To alter or rearrange the boundary lines of the City of Hoover, Jefferson County, Alabama, so as to include within the corporate limits of said city all territory now within such corporate limits and also certain other territory contiguous thereto, in Jefferson and Shelby County, Alabama, to provide for an election by residents of the territory to be annexed, to provide for the zoning of the territory upon annexation into the City of Hoover, to provide for a limitation on increases of ad valorem taxes, to provide for an exemption from the imposition of “occupational taxes” on persons employed within the territory be annexed, and to ratify an agreement between the City of Hoover and the owners of a part of the territory to be annexed concerning the development of such territory, and' which agreement provides, among other things, for the financing, construction and operation of a sewage treatment facility to serve a portion of the territory to be annexed. BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. That the boundary lines of the City of Hoover, Jefferson County, *633 Alabama, be, and the same are hereby altered or rearranged so as to include all of the territory heretofore encompassed by the corporate limits of the City of Hoover and in addition thereto the following described territory, to-wit: [the metes and bounds description of the territory to be annexed is omitted because it is unnecessary for resolution of the issues presently under consideration].
Section 2. This Act shall be inoperative and void unless it shall have been approved by a majority of the qualified electors of Jefferson and Shelby Counties who live in the area to be annexed voting thereon at a referendum held for such purpose. The Boards of Registrars of Jefferson and Shelby Counties shall furnish to the City Clerk of the City of Hoover the names of those electors qualified to vote in this election no later than fifteen (15) days prior to the date of the election provided for herein. The election shall be held and conducted as nearly as may be in the same manner as elections on constitutional amendments, and shall be called and held by the City of Hoover not later than on the same day as the next general election of the municipal, county or state officers next following final passage of this Act. The City Clerk shall give notice, which notice shall be published in newspapers of general circulation in Jefferson and Shelby Counties, Alabama, once each week for three consecutive weeks before the day of the election. On ballots to be used at the election, the proposition to be voted on shall be stated substantially as follows:
“Do you favor the annexation of the property described in the notice calling for this election to the City of Hoover? Yes () No()”
If a majority of the votes cast at the election are affirmative votes, this Act shall be in full force and effect immediately thereafter. If a majority of votes cast are in the negative, this Act shall have no further effect. The votes shall be certified as provided by law, and all costs incurred with the said referendum shall be borne by the City of Hoover.
Section 3. All of the territory to be annexed to the City of Hoover pursuant to this Act shall be exempt from any increases in the rate of city ad valorem taxes in effect on the effective date of such annexation for the period of fifteen (15) years from such date, and persons employed within such territory shall be exempt from the imposition of any form of occupational taxes during such fifteen (15) year period; provided, however, that nothing herein shall prevent the City of Hoover from imposing any sales tax allowed by law on sales within the annexed territory.
Section 4. The Annexation Agreement executed by the City of Hoover and concerning the development of a portion of the territory to be annexed, and which agreement provides, among other things, for the financing, construction and operation of a sewage treatment facility to serve a portion of the annexed territory, is hereby ratified. Effective immediately upon annexation, the annexed area shall receive a Planned Unit Development (PUD) zoning classification under the Zoning Ordinance of the City of Hoover, and those parts of the annexed area which have already been developed shall be within a PUD land use district appropriate to their then present use and in accordance with any recorded restrictions on such areas.
Section 5. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
Section 6. All laws or parts of laws which conflict with this Act are hereby repealed.
Section 7. The provisions of this Act calling for an election shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law, and all other provisions shall become effective as otherwise herein stated.
With regard to H.B. 411, House Resolution 110 requests the opinion of the Justices on the following questions:
*634 1. Does H.B. 411, which (1) rearranges the boundary of the City of Hoover, (2) provides for a referendum election by the residents of the proposed area, (3) provides for zoning of the annexed area, (4) exempts or limits certain taxes within the annexed area, and (5) ratifies certain agreements between the City of Hoover and residents of the proposed area, violate Section 45 of the 1901 Constitution of Alabama which provides, in part, that “each law shall contain but one subject, which shall be clearly expressed in its title”?
2. Does Section 4 of H.B. 411 violate Section 106 of the 1901 Constitution of Alabama, which states in part that the publication of notice “shall state the substance of the proposed law”? Specifically, do mere references to the “Annexation Agreement" (which is not a matter of public record) and to the Planned Unit Development (PUD) zoning ordinances of the city of Hoover in Jefferson County give the electors of Shelby County substantial notice of the law proposed by Section 4 of H.B. 411?
The answer to question one is in the negative; the answer to question two is in the affirmative. Because the specific questions asked are basically procedural in scope and focus upon certain problems which may be involved in the enactment and execution of House Bill 411 as it presently stands, you should not assume that the bill is otherwise valid and free from any substantive constitutional defects.
House Bill 411 is clearly a local law within the meaning of § 110 of the Alabama Constitution, as amended in November 1978, because it is limited in its application to a single political subdivision of this state, i. e., the City of Hoover. Local legislation is severely and strictly limited; in fact, its passage is constitutionally prohibited in certain situations. Section 104 of our Constitution is the major section which regulates the enactment of local laws. It contains a list of thirty-one (31) provisions which outline situations in which the enactment of a local law is constitutionally prohibited.
We now address your specific question about the adequacy of notice. Section 4 of H.B. 411 alludes to an “Annexation Agreement” executed between the City of Hoover and the residents of the territory to be annexed, whereby the City relinquishes its powers to exercise discretion in zoning the annexed area and assumes binding obligations with regard to the construction of sewage treatment facilities. The obligations thus assumed by the City must be considered very seriously, even more so because they are incorporated into the presently contemplated legislation.
We do not have a copy of the Annexation Agreement before us, but by reading H.B. 411, we can tell that the powers of the governing body of the City of Hoover are necessarily affected and it could be bound under a contract to construct substantial public improvements. We are prepared to say immediately that any agreement, whether affecting governmental powers or not, if referred to in local legislation, and which is ratified by the passage of that legislation, must be advertised as required by the Constitution. Section 106, as amended by Amendment 341, Constitution of Alabama 1901.
We feel that the very purpose of notice is to convey information to persons about prospective action on matters in which they have a fundamental interest. Wilkins v. Woolf, 281 Ala. 693, 208 So.2d 74 (1968). Only those persons holding such interests need be notified. Who then under H.B. 411 has an interest in the action contemplated thereunder? Who has an interest in the annexation of additional territory to the City of Hoover? We conclude that the residents of both the annexed and annexing territories have a direct interest. Their interests, though different, are equally important and must be respected. Their interests can best be summarized as follows:
To be sure, the interests of the annexing and annexed areas are far from identical. The municipality’s desire,' for example to erase the obstacles which a boundary poses to the exercise of its taxing and regulatory powers may be coun *635 tered by the wish of those beyond the boundary to use it as a fence against acute social problems and conflicts in the city. But the distinction between these interests is not that one set is of overriding magnitude compared to the other; rather, the two areas hold opposing views on the same substantive questions. Annexation may sharply change the costs and benefits of government for the an-nexees, submerging their smaller numbers in the annexing municipality. In this respect, the impact on annexees is greater than on the residents of the annexing area. However, to the extent that the annexation guides the future growth and nature of a region, initial differences in its impact may be of relatively less importance. Annexing and annexed citizens clearly share general concerns with the governance and welfare of the area. Given the similar interests of the two areas, disfranchising either seems improper.
Note, The Right to Vote in Municipal Annexations, 88 Harv.L.Rev. 1571, 1578 (1975). The residents of both areas have an interest; therefore, both must be notified. In connection with H.B. 411, this notification should include the content of any “Annexation Agreement” and should set forth the proposed action to be taken.
We have now answered your specific inquiry, but we suggest that the legislature may want to consider whether H.B. 411 may also violate the Constitution because it alters or amends the Charter of the City of Hoover in violation of Section 104(18) of the Constitution, by specifically altering the City’s power to zone and grant tax exemptions, currently a part of the general laws, and, consequently, incorporated into Hoover’s charter. See Trailway Oil Co. v. City of Mobile, 271 Ala. 218, 223, 122 So.2d 757, 762 (1960).
RESPECTFULLY SUBMITTED,
C. C. Torbert, Jr. Chief Justice
Hugh Maddox
James H. Faulkner
Reneau P. Almon
Janie L. Shores
Sam A. Beatty
Associate Justices