*1288 To the House of Representatives
The State House
Montgomery, Alabama
Dear Representatives:
We acknowledge receipt of House Resolution 437, which reads as follows:
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinion on the following important constitutional questions which have arisen concerning the pending bill, S. 556, relating to annexation in Limestone County, a copy of which is attached to this Resolution and made a part hereof by reference:
“1. Does the advertisement of S. 556 in only Limestone County meet the requirements of section 106 of the Constitution of Alabama of 1901, as amended by Amendment 341, since it affects municipalities located, in whole or in part, in the counties that adjoin Limestone County?
“2. Does S. 556 contravene Sections 38 and 39 of the Constitution of 1901, relating to boundaries?
“3. Does Section 1 of S. 556 prohibit the free exercise of the rights of the citizens under Section 25 of the Constitution of 1901?
“RESOLVED FURTHER, That the Clerk of the House is hereby directed to send sufficient true copies of the pending bill, S. 556, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.”
The copy of Senate Bill 556 forwarded with the resolution reads:
“A BILL TO BE ENTITLED AN ACT
“Relating to Limestone County; to provide that any municipality whose corporate limits or boundaries include lands lying outside of Limestone County, must, in addition to all other requirements of law, obtain the consent of the Limestone County Commission before annexation of lands lying in Limestone County.
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. In addition to all other requirements of law, no municipality whose corporate limits or boundaries include lands outside of Limestone County may annex lands within Limestone County or otherwise extend its corporate limits or boundaries in Limestone County, without the consent of the Limestone County Commission.
“Section 2. The requirement of consent of the Limestone County Commission shall apply to all annexation proceedings now pending, or hereafter taken.
“Section 3. The provisions of this act are severable. If any part of the act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
“Section 4. All laws local, general and special in conflict herewith applicable to Limestone County are expressly repealed.
“Section 5. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
*1289 The answer to question one is no. In Jefferson County v. Braswell, 407 So.2d 115, 119 (Ala.1981), this Court discussed who must be given notice under Ala. Const. 1901 § 106:
“[W]e do not think [§] 106 mandates notice to persons who might be indirectly affected, however remotely, by enactment of a proposed local law. Creative minds can conceive of some collateral effect which would occur outside of the locality to which the law was intended to apply arising from most any locally applicable legislation. Ingenious arguments, however, cannot be permitted to so easily defeat the legislative process and thus its intended effect.
“We opine that the requisites of 106 are satisfied by the giving of notice of a proposed local law to those who would be immediately affected by its enactment: persons within the locality in which the law is intended to, and by its very terms does, operate.” (Emphasis original.)
Senate Bill 556 by its very terms affects any municipality whose “corporate limits or boundaries include lands outside of Limestone County” that intends to “extend its corporate limits or boundaries in Limestone County.” We have previously held that residents of both the annexed and the annexing territories had a direct interest in a proposed local law that provided for annexation by the City of Hoover of territory in Jefferson and Shelby Counties. Opinion of the Justices No. 268, 381 So.2d 632 (Ala.1980). Therefore, we conclude that publication in only Limestone County will not satisfy the requirements of § 106.
The answer to questions two and three is also no. Senate Bill 556 would in no way affect the current boundaries of any county and, therefore, it would not violate § 38 or § 39. Section 25 provides: “[T]he citizens have a right, in a peaceable manner, to assemble together for the common good, and to apply to those invested with the power of government for redress of grievances or other purposes, by petition, address, or remonstrance.” We fail to see how Senate Bill 556 would offend § 25.
Respectfully submitted,
C.C. TORBERT, Jr. Chief Justice
HUGH MADDOX
RENEAU P. ALMON
JANIE L. SHORES
SAM A. BEATTY
OSCAR W. ADAMS, Jr. Justices